STATE OF NEBRASKA, APPELLEE, V. PATRICK W. DURST, APPELLANT.
441 N.W.2d 627

Filed June 23, 1989.    No. 88-563.

Kevin V. Schlender for appellant.

Robert M. Spire, Attorney General, and Fredrick F. Neid for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Patrick W. Durst appeals his conviction, following a jury trial, of theft by unlawful taking of property having a value of more than $1,000, a Class III felony. The defendant was sentenced to a term of not less than 4 nor more than 10 years' imprisonment. In this appeal, the appellant contends that the evidence presented at trial was insufficient to identify him as the

individual who stole the vehicle and that the State failed to prove beyond a reasonable doubt that he took property belonging to the person named in the complaint.

On November 18, 1987, Phillip Swartz parked his 1978 Pontiac Firebird Trans Am in the parking lot of the Pioneer Hybrid Seeds plant in York, Nebraska, and went in to work. Swartz left his door unlocked and the keys in the ignition. That afternoon he discovered that his automobile was no longer in the parking lot. He ascertained that no one he knew had borrowed his car, and then reported the vehicle as stolen.

The following day Swartz was notified by the Council Bluffs, Iowa, police department that officers had found his car. Swartz testified that he valued his car at approximately $2,500 on the date that the car was taken.

In his first assignment of error, Durst contends that the evidence identifying him as the individual who stole the Swartz vehicle is insufficient to support the jury's verdict. In determining whether evidence is sufficient to sustain a conviction in a jury trial, this court does not resolve conflicts of evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh evidence presented to the jury. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the verdict. *State v. Jacobs*, 226 Neb. 184, 410 N.W.2d 468 (1987). Viewing the evidence in favor of the State, the evidence is sufficient to sustain the conviction of the appellant for theft.

The conviction of the appellant is based solely on circumstantial evidence, as there is no direct testimony from a witness who actually saw the appellant taking the vehicle from the parking lot. All identification was purely circumstantial. However, this court has repeatedly held that a conviction may rest solely on circumstantial evidence. *State v. Trimble*, 220 Neb. 639, 371 N.W.2d 302 (1985). One accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence establishes guilt beyond a reasonable doubt. *State v. Trimble, supra*; *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984).

Regarding the identification of the appellant, although

identification of the accused is an essential element in establishing guilt beyond a reasonable doubt, this identification can be inferred from all the facts and circumstances that are in evidence. *State v. Kaba*, 217 Neb. 81, 349 N.W.2d 627 (1984). There is an abundance of evidence in this case supporting the verdict of the jury.

Richard Studnicka, the manager for Pioneer Hybrid Seeds, testified that on November 18, 1987, he saw a person walking along the edge of the road near the plant. In court, Studnicka identified this man as resembling Durst.

The State also introduced testimony of Robert Hicks, who was involved in a hit-and-run accident in Council Bluffs on November 18, 1987. Hicks testified that his car was hit by a 1978 or 1979 gold Pontiac Firebird. The license plates on the Firebird matched the plates on the vehicle that allegedly belonged to Swartz. Hicks was also able to identify the appellant as the individual driving the car which struck his car.

Lyle McElderry, a part-time escort driver for funeral homes, also was able to identify the appellant. McElderry testified that he observed the appellant leave a vehicle, fall down, and walk into a funeral home. The vehicle the appellant got out of was identified as the stolen vehicle.

Further, the appellant was transported from the scene in a police vehicle. At that time, the officer attending the appellant heard some "jingling" during the drive. After Durst was removed from the car, the keys to the stolen vehicle were recovered from the backseat. No one had been in the vehicle after the appellant.

This evidence was clearly sufficient to sustain the verdict of the jury, and this assignment of error is clearly without merit.

The appellant next argues that the verdict cannot be sustained because the State failed to prove that Swartz was the owner of the automobile taken on the day in question. This contention is equally without merit. Evidence was presented that Swartz did not have legal title to the vehicle at the time of the theft, but instead the title remained in his parents' name. This fact does not mandate reversal.

Ownership of chattels may, in an indictment for their theft, be laid in the owner, or in the person who at the time of theft was

in the actual peaceable possession, although such person may have no other property interest therein than the right of possession as against the thief. *State v. Nelson*, 182 Neb. 31, 152 N.W.2d 10 (1967). At trial it was clearly shown that Swartz was in peaceable and lawful possession of the automobile without any doubt. It is not necessary to show strict legal ownership of personal property for an information charging theft to be sufficient. All that is required under the law for an information charging theft to be sufficient is that the person be in actual possession. *State v. Mays*, 203 Neb. 487, 279 N.W.2d 146 (1979). The identity of the true legal owner is not required to sustain a conviction.

The judgment of the district court is affirmed.

AFFIRMED.