STATE OF NEBRASKA, APPELLEE, V. GARY W. JOHNS, APPELLANT.
445 N.W.2d 914

Filed September 22, 1989.   No. 88-581.

478

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Gary W. Johns appeals both a Douglas County District Court jury verdict finding him guilty of felony theft by receiving stolen property of the value of $800, and the trial court's finding that he is a habitual criminal.

Johns was sentenced to not less than 20 nor more than 30 years' imprisonment. We affirm.

The defendant was charged under Neb. Rev. Stat. § 28-517 (Reissue 1985), which provides that "[a] person commits theft if he receives, retains, or disposes of stolen movable property of another knowing that it has been stolen, or believing that it has been stolen, unless the property is received, retained, or disposed with intention to restore it to the owner." If the property has a value of not less than $300, but not over $1,000, the offense is a Class IV felony, carrying a penalty of up to 5 years' imprisonment. Neb. Rev. Stat. §§ 28-105 and 28-518(2) (Reissue 1985).

In his appeal, Johns alleges two assignments of error: (1) that the evidence was insufficient to convict him and (2) that the trial court erred in finding him to be a habitual criminal.

In reviewing a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

(Citation omitted.) *State v. Andersen*, 232 Neb. 187, 191, 440 N.W.2d 203, 209 (1989).

Taking the view most favorable to the State, a jury could conclude that the State proved the following facts beyond a reasonable doubt.

Mark Trustin's residence in Omaha, Douglas County, Nebraska, was burglarized between the hours of 3 and 8 p.m. on December 22, 1987. Entry was gained through the back door by breaking the door's glass. A portable television set, a videocassette recorder, and a shotgun, the double-barrel of which was enclosed by a canvas cover with Trustin's name printed on it, were taken. The value of the items stolen totaled $800.

At approximately 7:09 on that same evening, Sharri Fletcher, a police officer employed by the Omaha Police Division, observed a brown station wagon with expired license plates being driven near 52nd Street and Kansas Avenue in Omaha. When Fletcher attempted to stop the vehicle, the station wagon driver tried to elude her. A short chase ensued, during which the station wagon reached speeds of up to 55 miles per hour. The station wagon crashed into a tree. Abandoning the vehicle and stolen property and leaving the key in the ignition and the motor running, the driver fled on foot. Fletcher pursued the driver, but was unable to apprehend him. The policewoman, who at times during the chase came within 10 to 15 feet of the driver, testified that the fleeing driver matched Johns' description.

When Police Officer W. David Dussetschleger arrived at the accident scene about 7:12 p.m. to offer assistance, he turned the key in the ignition, stopping the motor. Since the station wagon and stolen goods were abandoned, Dussetschleger inventoried the vehicle for valuables and found Trustin's stolen property on a rear seat in the station wagon. The stolen property was covered with a plastic tarp. Two latent fingerprints, later identified as those of the defendant, were obtained from the bottom of the television set.

Through a license plate check and additional investigation, police discovered that the station wagon had been recently purchased by the defendant's mother, with whom the defendant

lived. There was evidence that the defendant had borrowed and was using the vehicle on the night in question. There was also evidence that there was only one key to the station wagon and that, when not in use, it was kept in the home where Johns lived.

With respect to his first assignment of error, Johns points to Fletcher's inability to positively identify him at trial. Johns further argues that John More, the crime laboratory technician who testified regarding the identification of the fingerprints found on the television set, should be discredited because More had earlier characterized several points of identification differently in a deposition than he did at trial. Finally, Johns argues that the foregoing, combined with the testimony of several witnesses that the defendant was with them on December 22 and that the vehicle was not operative, demonstrates that the evidence is insufficient to convict him.

The defendant is essentially asking this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, and weigh the evidence. Such is not the province of the Supreme Court but, rather, the province of the fact finder, in this case the jury. *State v. Andersen, supra.* It is apparent from the verdict that the jury did not believe Johns' alibi defense or that the station wagon was not operative. Even though the evidence in large part was circumstantial, it is sufficient to support the jury's guilty verdict. See *State v. Durst,* 232 Neb. 639, 441 N.W.2d 627 (1989).

In his second assignment of error, Johns argues that under *Gonzales v. Grammer,* 848 F.2d 894 (8th Cir. 1988), his two prior convictions may not be used to support a finding that he is a habitual criminal.

It is first noted that Neb. Rev. Stat. § 29-2221 (Reissue 1985) provides in substance that a person who is convicted of a felony and who previously has been twice convicted of a felony and sentenced to prison for terms of not less than 1 year shall be punished for not less than 10 nor more than 60 years. Johns claims the records of his prior convictions do not affirmatively show that he was advised of his constitutional rights or waived them when he entered his pleas of nolo contendere and guilty.

The decision announced in *Gonzales* was subsequently

reviewed in *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989). In *Oliver*, the defendant attacked a sentence enhancement for third offense driving while under the influence of alcoholic liquor because his prior convictions failed to show that his guilty pleas had been entered voluntarily and intelligently. This court noted that the U.S. Court of Appeals for the Eighth Circuit held in *Gonzales* that states are free to establish whatever procedural requirements they deem necessary for processing challenges to prior convictions in habitual criminal proceedings. Significantly, the court of appeals based its determination on our holding in *State v. Gonzales*, 218 Neb. 43, 352 N.W.2d 571 (1984), that a defendant could raise in an enhancement proceeding the constitutional invalidity of a prior conviction. However, in *Oliver, supra*, we disapproved our 1984 holding in *State v. Gonzales*. We then held that "such an issue may only be raised in a direct appeal or in a separate proceeding commenced for the express purpose of setting aside the judgment alleged to be invalid." *Oliver, supra* at 870, 434 N.W.2d at 298. Consequently, Johns may not collaterally attack his prior convictions in this direct appeal. "[I]t has been the rule in this State that to prove a prior conviction for enhancement purposes, the State need only show that at the time of the prior conviction the defendant had, or waived, counsel." *Id*. at 869, 434 N.W.2d at 297, citing *State v. Slezak*, 226 Neb. 404, 411 N.W.2d 632 (1987). Therefore, the record must be examined to determine if there exist two counseled prior convictions.

In Johns' case, certified copies of Douglas County District Court proceedings and certified copies of penal complex records were received in evidence. Those records reflect that on October 8, 1975, with counsel present, Johns entered a nolo contendere plea to a felony charge of theft by receiving stolen property. On November 12, 1975, again with counsel present, Johns was sentenced to not less than 2 nor more than 7 years' imprisonment. He was committed to, and received at, the penal complex. This sentence was set aside after a postconviction relief hearing, and Johns, with counsel present, was resentenced on his plea of October 8, 1975, to not less than 2 nor more than 4 years' imprisonment. The evidence shows he was

committed to and served his sentence at the Nebraska Penal Complex. The record further reflects that on September 11, 1980, with counsel present, Johns appeared in the Douglas County District Court and entered a plea of guilty to a felony charge of theft by receiving stolen property. On October 3, 1980, Johns again appeared with counsel in Douglas County District Court and was sentenced to not less than 1²/₃ nor more than 5 years' imprisonment. The record reflects he was committed to the penal complex, where he served that sentence. The record establishes the existence of two prior counseled felony convictions. Therefore, Johns' second assignment of error is without merit.

The defendant's conviction and sentence are affirmed.

AFFIRMED.

SHANAHAN, J., dissenting.

In *State v. Oliver,* 230 Neb. 864, 434 N.W.2d 293 (1989), I dissented and pointed up the deficiencies in Nebraska's criminal procedure, which, under existing statutes and decisions of this court, does not allow a criminal defendant to challenge a prior plea-based conviction obtained in violation or denial of a right constitutionally guaranteed to the defendant, including the rights specifically mentioned in *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), namely, the rights to trial by jury, to remain silent, and to confront accusers. A procedure which a state "deems necessary" to challenge a prior plea-based conviction may be vastly different from a procedure which comports with constitutional guarantees, a dramatically crucial difference which actually exists in Nebraska's procedure to challenge the constitutional validity of a prior plea-based conviction. The absence of an adequate procedure for an effectual challenge to a prior plea-based conviction which is constitutionally invalid offends due process required by the Nebraska and U.S. Constitutions. Since there has been no change, through the Legislature or this court, after *Oliver* to provide a criminal defendant with a means to challenge a prior conviction unconstitutionally obtained, "there is no new thing under the sun," and, hence, with no new twist to *Oliver*, I renew my dissent to the denial of fundamental fairness and due process.