STATE OF NEBRASKA, APPELLEE, V. WILLIAM C. GREEN,
APPELLANT.
483 N.W.2d 748

Filed May 8, 1992.    No. S-90-1216.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos for appellant.

Don Stenberg, Attorney General, and Sharon M. Lindgren for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

## STATEMENT OF THE CASE

William C. Green appeals his jury conviction of two counts of third degree assault on an officer, a Class IV felony in violation of Neb. Rev. Stat. § 28-931(1) (Reissue 1989), and the resulting enhanced sentence of 10 years' imprisonment on each count (to be served concurrently), with credit given for 138 days served. Third degree assault is punishable by no more than 5 years' imprisonment, a $10,000 fine, or both; however, the court found that appellant was a habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 1989).

## FACTS

On August 25, 1989, Officer Stahlhut and Investigator Doetker arrived at the county jail to interview appellant Green and to obtain physical evidence on Green, who was being held at the jail on other charges. As Doetker was beginning to read appellant the *Miranda* warnings, appellant rose from his seat and started to leave the interviewing room. Stahlhut grabbed

the appellant by the arm. Green jerked away and hit the officer with his right forearm. The officer attempted to grab Green again, at which time Green poked the officer under his right eye with his fingers. As the investigator approached the pair to assist, Green attempted to punch the investigator in the abdomen.

Two jailers responded to the scuffle and shocked the appellant four times with a stun gun.

## ASSIGNMENTS OF ERROR

Green alleges, in summary, that the district court erred in (1) overruling his motion to suppress evidence; (2) finding, based upon insufficient evidence, that he was a habitual criminal; and (3) sustaining the verdicts on insufficient evidence.

## DISCUSSION

We address first appellant's contention that his motion to suppress certain evidence at trial should have been sustained. The Supreme Court will uphold the trial court's ruling on a motion to suppress unless such ruling is clearly erroneous. *State v. Victor*, 235 Neb. 770, 457 N.W.2d 431 (1990); *State v. Juhl*, 234 Neb. 33, 449 N.W.2d 202 (1989).

Appellant essentially contends that since he had been arrested and his custody had been transferred to correctional personnel and not the officers, the officers had no right to try to stop him from exiting the jail's interviewing room, which violated his Fourth Amendment rights and constituted an illegal seizure of his person. Appellant then hypothesized, in accordance with the "fruit of the poisonous tree" doctrine (see *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)), that all of the officers' observations after that point ought to be suppressed.

We have iterated several times that while it is true that prisoners do not forfeit all of their Fourth Amendment rights during incarceration, they do not retain the same measure of protection afforded to nonincarcerated individuals. See, *State v. Starks*, 229 Neb. 482, 427 N.W.2d 297 (1988); *State v. Kerns*, 201 Neb. 617, 271 N.W.2d 48 (1978). No new arrest occurred upon the officers' commencement of the interview. Appellant Green thus had no constitutional basis to contest the identity of

the party assigned to hold him by the arresting authority. See, also, *State v. McCarthy*, 197 Conn. 247, 496 A.2d 513 (1985), as quoted by this court in *Starks*. The assignment is without merit.

We next address the sufficiency of the evidence in finding that appellant is a habitual criminal. In support of his assertion, appellant cites, generally, *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and *Gonzales v. Grammer*, 848 F.2d 894 (8th Cir. 1988).

However, in evaluating previous habitual criminal convictions, we have held that to prove a prior conviction for enhancement purposes, the State need only show that at the time of the prior conviction the defendant had, or waived, counsel. *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989). The record reflects that Green was indeed represented by appointed counsel at the time of his prior convictions. The assignment is without merit, and the habitual criminal conviction is affirmed.

A jury's verdict must be sustained if the evidence, viewed in the light most favorable to the State, is sufficient to support the verdict. *State v. Ryan*, 233 Neb. 74, 444 N.W.2d 610 (1989). Appellant asserts that neither the officer nor the detective had bruises or visible injuries and that the record reflects that appellant only "attempted" to punch the investigator in the abdomen. Thus, he argues, the evidence is insufficient to sustain the convictions.

Appellant's assertion, while somewhat creative, has no basis in reality. We have never required that an assault culminate in visible markings in order to be labeled as such. In fact, for third degree assault on a police officer, § 28-931(1) requires knowing, intentional, or reckless causation of bodily injury to a peace officer while the officer is engaged in the performance of official duties. The record supports the appellant's convictions. We accordingly affirm.

AFFIRMED.

WHITE, J., concurring in part, and in part dissenting.

While I agree that the evidence amply supports the conviction of the substantive offense, I dissent from the portion of the opinion which sustains the enhancement proceeding, for

the reason I last stated in *State v. Crane, ante* p. 32, 480 N.W.2d 401 (1992) (White, J., dissenting).