STATE OF NEBRASKA, APPELLANT, V.
MARK D. KUEHN, APPELLEE.
604 N.W.2d 420

Filed January 14, 2000.   Nos. S-99-229, S-99-230.

W. Bert Lammli, Stanton County Attorney, for appellant.

No appearance for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

In two consolidated appeals, the State appeals the order of the district court for Stanton County made in the combined separate proceedings filed by Mark D. Kuehn in which he challenged the validity of two prior felony convictions for purposes of penalty enhancement under the habitual criminal statute. The district court concluded that the two prior convictions were invalid for penalty enhancement purposes because there was no affirmative showing in the records of the prior cases that Kuehn had expressly waived his privilege against self-incrimination when he entered guilty pleas in the two prior felony cases. We reverse the order of the district court in both appeals and remand the cause with directions to dismiss.

## STATEMENT OF FACTS

On June 11, 1998, Kuehn was charged with second-offense driving under the influence of alcoholic liquor (DUI), a Class W misdemeanor under Neb. Rev. Stat. § 60-6,196 (Reissue 1998), and with committing terroristic threats, a Class IV felony under Neb. Rev. Stat. § 28-311.01 (Reissue 1995). The State sought to charge Kuehn as being a habitual criminal for penalty enhancement purposes under Neb. Rev. Stat. § 29-2221 (Reissue 1995).

The habitual criminal charge was based on Kuehn's 1992 plea-based conviction for burglary, a Class III felony for which Kuehn was sentenced to imprisonment for a term of not less than 18 nor more than 30 months, and his 1996 plea-based conviction for delivery of a controlled substance, marijuana, a Class III felony for which Kuehn was sentenced to imprisonment for not less than 2 nor more than 5 years.

Kuehn filed two petitions for relief in two separate proceedings, each challenging the validity of his prior convictions for penalty enhancement purposes on the basis that the records failed to disclose that Kuehn understood and waived his constitutional rights on the record. Kuehn challenged his 1992 conviction for burglary and his 1996 conviction for possession of a controlled substance (case Nos. S-99-229 and S-99-230, respectively, on appeal to this court). The two separate proceedings were combined for hearing and disposition by the trial court.

At the combined hearing for the separate proceedings held January 4, 1999, the transcripts and bills of exceptions from the two prior convictions were entered into evidence. On January 13, the district court filed its written order, ruling on both proceedings. The district court found that in each of the prior convictions, there was no affirmative showing that Kuehn expressly waived his privilege against self-incrimination and that therefore his guilty pleas in each of those cases were "invalid for enhancement purposes and must be set aside." The State appealed the order of the district court in each case. Appeals from the two separate proceedings were consolidated by this court on appeal.

## ASSIGNMENTS OF ERROR

The State asserts, restated, that the district court erred in allowing Kuehn in separate proceedings to attempt to set aside otherwise valid prior plea-based convictions from which no appeal was taken. The State argues, in the alternative, that should this court conclude that the separate proceedings were appropriate, the trial court erred in (1) applying the standards set forth in *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997), regarding challenging the voluntariness of pleas on direct appeal, to set aside otherwise valid prior convictions for

enhancement purposes and (2) concluding that Kuehn's constitutional rights were violated at the time he entered his prior guilty pleas and that as a result, the convictions were invalid for enhancement purposes.

## STANDARD OF REVIEW

■ The State's assignments of error present questions of law. To the extent questions of law are involved, an appellate court is obligated to reach conclusions independent of the decisions reached by the courts below. *State v. Ortiz*, 257 Neb. 784, 600 N.W.2d 805 (1999).

## ANALYSIS

Section 29-2221 does not create a separate offense, but, rather, provides for enhanced punishment where a defendant is found to be a "habitual criminal." Under § 29-2221(1), a defendant convicted of a felony may be deemed a habitual criminal if the defendant has been (1) twice previously convicted of a crime, (2) sentenced, and (3) committed to prison for terms of not less than 1 year each. Where the defendant is convicted of a felony and the State has charged the defendant as a habitual criminal, a hearing shall be held prior to sentencing to determine whether the defendant has been convicted of two or more prior felonies and the sentences imposed therefor. § 29-2221(2). With certain exceptions not relevant here, one deemed to be a habitual criminal shall be punished by imprisonment for a mandatory minimum term of 10 years and a maximum term of not more than 60 years. § 29-2221(1).

Kuehn was charged with committing terroristic threats, a Class IV felony. In connection with that charge, the State sought to have Kuehn deemed a habitual criminal on the basis of his two prior felony convictions, one for burglary and the other for delivery of a controlled substance. It is undisputed that Kuehn was sentenced in each prior conviction to imprisonment for a term of not less than 1 year. See § 29-2221(1).

In an effort to avoid being deemed a habitual criminal and thereby avoid being subject to the enhanced penalty under § 29-2221(1), and in view of the fact that we have held that a defendant cannot in a habitual criminal proceeding collaterally

attack a prior plea-based conviction on a basis other than denial of the right to counsel, see *State v. Partee*, 240 Neb. 473, 482 N.W.2d 272 (1992), *grant of habeas corpus reversed on other grounds, Partee v. Hopkins*, 30 F.3d 1011 (8th Cir. 1994), Kuehn sought to have his two prior convictions declared invalid for enhancement purposes by filing two "separate" proceedings. The filing of separate proceedings was consistent with past cases of this court. In past cases, we have held that although a constitutional challenge to a prior conviction, other than a challenge based on denial of the right to counsel, may not be raised in the habitual criminal proceedings conducted pursuant to § 29-2221(2), such challenge may be raised either in a direct appeal after sentencing or in a separate proceeding commenced for the express purpose of setting aside the prior judgment alleged to be invalid. *State v. Johns*, 233 Neb. 477, 445 N.W.2d 914 (1989); *State v. Davis*, 224 Neb. 518, 398 N.W.2d 729 (1987), *overruled on other grounds, State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999); *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985).

Kuehn challenged his prior convictions in the two separate proceedings on the basis that the records of the two prior convictions failed to disclose that he understood and waived his constitutional right against self-incrimination on the record in connection with each of the prior convictions. Kuehn's challenges were based on *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). A *"Boykin* challenge" is a claim that the record of the prior conviction does not affirmatively show that the defendant entered the plea voluntarily and intelligently, with the knowledge that it constituted a waiver of the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront accusers. The State argues on appeal that separate proceedings, such as those brought by Kuehn, are not a valid means to attempt to set aside otherwise valid prior convictions from which no appeal was taken.

We recently held that a prior conviction sought to be used for penalty enhancement in a DUI prosecution cannot be collaterally attacked in a separate proceeding. *State v. Louthan, supra.* In *Louthan*, the defendant filed a separate proceeding to challenge the validity of her prior conviction for DUI which the

State sought to use for enhancement purposes in its prosecution of second-offense DUI charges against her. Nebraska's DUI law, § 60-6,196(2)(b), provides for greater penalties where a driver has been convicted of multiple convictions for DUI during a 12-year period.

In *Louthan*, we thoroughly examined the development of our case law regarding collateral attacks on prior plea-based convictions sought to be used for enhancement purposes. Prior to *Louthan*, the law regarding separate proceedings was set forth in cases such as *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), *overruled, State v. Louthan, supra*. In *Wiltshire*, we distinguished between what we described as "first-tier" and "second-tier" challenges to prior convictions sought to be used for purposes of enhancement. "First-tier challenges" were those that could be asserted by general objection in the enhancement proceeding under consideration. A first-tier challenge was limited to a challenge based upon denial of the Sixth Amendment right to counsel. A *Boykin* challenge addressing any or all of a panoply of rights, such as that brought by Kuehn, was considered a "second-tier challenge" that could not be asserted in the enhancement proceeding. However, under *Wiltshire* and similar cases prior to *Louthan*, we held that a separate case initiated by a petition for a "separate proceeding" was a proper vehicle for asserting a second-tier challenge.

In 1995, the appellate courts of this state had the opportunity to revisit the issue of separate proceedings in light of the U.S. Supreme Court's decisions, subsequent to *Wiltshire*, in *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), and *Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994). In *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995), *aff'd on other grounds, State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380, *overruled, State v. Louthan, supra*, the Nebraska Court of Appeals concluded that the "separate proceeding" was no longer necessary in order to comport with federal constitutional law. The Court of Appeals' decision was based, inter alia, on *Custis* and *Nichols*, which held that under the federal Constitution, the right to challenge a prior conviction offered for purposes of enhancement was required in

the pending proceeding only where the prior conviction resulted in imprisonment and the defendant had allegedly been denied the Sixth Amendment right to counsel.

On further review in *LeGrand*, this court determined that the Court of Appeals erred in concluding that *Custis* and *Nichols* invalidated the use of separate proceedings in Nebraska. *State v. LeGrand, supra.* This court stated that states are free to provide their citizens greater due process protections under state constitutions than those granted by the federal Constitution. This court in *LeGrand* therefore reaffirmed the holding in *Wiltshire* that collateral attacks in separate proceedings were a valid means in Nebraska for bringing a second-tier challenge to an allegedly constitutionally invalid plea-based prior conviction used for enhancement purposes.

In *State v. Louthan,* 257 Neb. 174, 595 N.W.2d 917 (1999), we overruled our holding in *LeGrand* to the extent the holding applied to enhancement in DUI prosecutions. We found our holding in *LeGrand* unsound for several reasons. In *Louthan,* we observed that "where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding." 257 Neb. at 186, 595 N.W.2d at 925. Because no statutory procedure existed for asserting second-tier challenges to prior plea-based DUI convictions, we concluded that such procedures were unavailable under Nebraska criminal procedure.

In *Louthan,* we further observed that "[a] person who is convicted on the basis of a guilty plea has a right to appeal on the ground that the plea was not knowing and voluntary." *Id.* However, if the defendant elects not to appeal, "when a separate proceeding is commenced years after a plea-based conviction from which there was no direct appeal, the record will likely not contain any colloquy between the court and the accused at the time of the acceptance of the plea." *Id.* at 187, 595 N.W.2d at 926. We stated that "[a]t some point, judgments of conviction must become final and the State should not be required to 'rummage through frequently nonexistent or difficult to obtain . . . transcripts or records' in order to defend them against collateral attack." *Id.*

Finally, we determined in *Louthan* that a separate proceeding "is inconsistent with limitations which our law places upon collateral attack of criminal convictions under other circumstances." *Id.* As examples of such limitations, we observed that a defendant may not utilize a separate proceeding to collaterally attack a prior conviction that is an element of a subsequent offense and that an incarcerated defendant is not permitted to utilize a motion for postconviction relief under Neb. Rev. Stat. § 29-3001 (Reissue 1995) in order to secure review of issues which could have been litigated on direct appeal.

In *Louthan*, we overruled *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), and other cases to the extent those cases held that a prior conviction sought to be used for enhancement in a DUI prosecution can be attacked in a separate proceeding. Our holding in *Louthan* applied specifically to enhancement in a DUI prosecution. In the instant case, we are faced with whether prior convictions sought to be used for penalty enhancement pursuant to the habitual criminal statute, as distinguished from an enhanced charge in the DUI context in *Louthan*, can be attacked in a separate proceeding. As more fully explained below, and consistent with our reasoning in *Louthan*, we find that they cannot. Thus, we hold that prior convictions sought to be used for penalty enhancement under the habitual criminal statute cannot be attacked in a separate proceeding.

In the instant case, the State sought to enhance Kuehn's punishment pursuant to the habitual criminal statute. Accordingly, we look to the habitual criminal statute in conjunction with constitutional principles in defining the parameters of a permissible attack on a prior conviction used as a basis for establishing habitual criminal status. As in *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999), where there was only one criminal statutory procedure for challenging a prior DUI conviction offered for purposes of enhancement, i.e., § 60-6,196(3), similarly, in the habitual criminal statute, there is only one criminal statutory procedure for challenging prior convictions which could otherwise be used to establish habitual criminal status. Specifically, § 29-2221(3) provides that if the defendant shows that "he or she was released from imprisonment upon either of [the prior] sentences upon a pardon granted for the reason that

he or she was innocent, such conviction and sentence shall not be considered as such" for purposes of enhancement under § 29-2221. Aside from the one explicit statutory procedure for challenging prior convictions, i.e., § 29-2221(3), which challenge can be presented in the enhancement hearing, we conclude on the basis of our reasoning in *Louthan* that there is no statutory authority for a separate proceeding to attack a prior conviction sought to be used for enhancement pursuant to the habitual criminal statute and that therefore such separate proceeding is unauthorized and unavailable under Nebraska criminal procedure.

As we further observed in *Louthan*, at some point, judgments must become final. The same interest in finality of prior convictions exists with regard to prior convictions used in the habitual criminal context as exists in the DUI context considered in *Louthan*. A separate proceeding in connection with habitual criminal enhancement is inconsistent with the other limitations our law places upon collateral attacks of criminal convictions. Subsequent to our decision in *Louthan*, an additional inconsistency would exist were we to allow such separate proceedings in connection with habitual criminal enhancement when they are not allowed in connection with DUI enhancement.

It is fundamental that a defendant is entitled to constitutional protections in connection with the entry of a guilty or nolo contendere plea in a criminal case. *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). In this regard, we observe that a defendant is further protected by the right of direct appeal from a plea-based conviction. *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997). Further, in a proceeding to establish habitual criminal status, we have held that § 29-2221 requires that in order to establish habitual criminal status for sentence enhancement purposes, the State must establish that at the time of the prior convictions which resulted in imprisonment for not less than 1 year, the defendant either had or waived counsel. *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993), *postconviction relief granted* 249 Neb. 381, 543 N.W.2d 725 (1996), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998); *State v. Green*, 240 Neb. 639, 483 N.W.2d 748 (1992); *State v. Partee*, 240 Neb. 473, 482 N.W.2d 272 (1992), *grant of*

*habeas corpus reversed on other grounds, Partee v. Hopkins*, 30 F.3d 1011 (8th Cir. 1994); *State v. Johns*, 233 Neb. 477, 445 N.W.2d 914 (1989); *State v. Davis*, 224 Neb. 518, 398 N.W.2d 729 (1987), *overruled on other grounds, State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999); *State v. Huffman*, 222 Neb. 512, 385 N.W.2d 85 (1986). This requirement protects the defendant's Sixth Amendment right to counsel. *Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994); *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994). Finally, it is unassailable that a defendant found to be a habitual criminal under § 29-2221 and sentenced accordingly has a right of direct appeal from that determination following entry of judgment. We believe these processes taken together afford the defendant the federal and state constitutional protections to which he or she is entitled.

In view of the above analysis, we conclude that the requirements of both the state and federal Constitutions are satisfied by the right of direct appeal from the prior plea-based conviction used as a basis for habitual criminal status; the challenge afforded under § 29-2221(3); and the requirement that in order to establish habitual criminal status for sentence enhancement purposes under § 29-2221, the State must establish that at the time of the prior convictions, the defendant either had or waived counsel. Because we hold that separate proceedings to challenge prior felonies used to establish habitual criminal status are neither required nor authorized, to the extent that *State v. Johns, supra*; *State v. Davis, supra*; and *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985), concluded that a prior conviction sought to be used for penalty enhancement pursuant to the habitual criminal statute can be attacked in a separate proceeding, these cases are overruled.

Based on the reasons recited above, we conclude that the two prior felony convictions the State sought to use as a basis for establishing Kuehn's habitual criminal status were not subject to attack in the two separate proceedings filed by Kuehn and that the trial court was without authority to conclude that the two prior felony convictions were invalid for habitual criminal status purposes. In view of the above conclusions, we need not consider the State's other assignments of error.

## CONCLUSION

We conclude that Kuehn's prior convictions used to establish habitual criminal status were not subject to attack in separate proceedings. We therefore reverse the order of the district court and remand the cause with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.