STATE OF NEBRASKA, APPELLEE, v. LaRue D. SOE, APPELLANT.
366 N.W.2d 439

Filed April 26, 1985.   No. 84-507.

George A. Sutera, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from the district court for Sarpy County where defendant's appeal from the county court from two convictions of second offense driving while intoxicated was affirmed. We affirm the decision of the district court.

The record shows that the defendant, LaRue D. Soe, was charged in a complaint filed September 16, 1983, with driving while intoxicated on September 8, 1983, in violation of Neb.

Rev. Stat. § 39-699.07 (Reissue 1984), a Class W misdemeanor. The complaint further alleged that defendant had been convicted at least twice of driving while intoxicated on previous occasions. Defendant pled not guilty and the case was set for trial on January 17, 1984. The trial was continued at defendant's request. A second complaint charging the defendant with driving while intoxicated on November 26, 1983, was filed on December 9, 1983. The signed complaint also alleged that defendant had been convicted at least twice previously of driving while intoxicated.

Both matters came on for hearing on March 19, 1984, and the defendant, with his counsel present, pled no contest to both driving charges after the trial court fully explained the defendant's constitutional rights in each case, as required by *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). After the court found there was a factual basis for the pleas, the court accepted the pleas and found the defendant guilty of both offenses.

Defendant then requested that the court proceed immediately with the enhancement hearing. The State presented four exhibits, to which defendant objected. The trial court, finding exhibits 1, 2, and 3 were not proper for enhancement purposes, enhanced both convictions to second offense based on exhibit 4, which was a court record of a guilty plea and 1977 conviction of second offense driving while intoxicated. On April 27, 1984, the trial court sentenced the defendant to 30 days in prison, 1 year suspension of driving privileges, and a $500 fine, plus costs, on each conviction; the jail sentences and suspensions to run consecutively. The defendant appealed to the Sarpy County District Court, claiming the convictions were improperly enhanced and that the sentences were excessive. The district court affirmed the convictions on May 31, 1984, and the defendant timely appealed to this court.

Defendant assigns two errors: (1) That the county and district courts improperly enhanced the convictions to driving while intoxicated second offense; and (2) That the sentences imposed were an abuse of discretion. We affirm.

The defendant contends that exhibit 4, described above, was

improperly used to enhance the offense because it did not specifically show that the defendant was advised of his right to a jury trial, his right to confront witnesses against him, and the privilege against self-incrimination, although it showed the defendant had counsel present. Defense counsel argues that *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984), requires the State to prove that the record of a prior conviction used for enhancement purposes must affirmatively show that all the defendant's constitutional rights were explained to him and that the record establishes a factual basis for a plea of guilty. *Ziemba* does not place such a burden upon the State. In *Ziemba* we explained the difference between the evidence necessary to prove a valid plea of guilty for a conviction on direct appeal and the evidence necessary to prove a valid plea of guilty in a conviction used for enhancement purposes:

> In addition to satisfying the requirements set out in *State v. Tweedy, supra*, in regard to accepting pleas of guilty in misdemeanor cases, the enhancement proceeding must satisfy the requirements set out in § 39-699.07 and *State v. Smith, supra. State v. Prichard, supra.* The transcript of a judgment used to prove a prior conviction must show that at the time of the conviction the defendant was represented by counsel or waived his right to counsel.

*Ziemba* at 619, 346 N.W.2d at 213-14.

For enhancement purposes the burden on the State to prove valid prior convictions is only to show that the defendant had, or waived, counsel at the time of such prior convictions. Defendant's 1977 conviction was appropriately used for enhancement purposes. The record of it clearly showed that the defendant was represented by counsel at the time of the conviction. It is also clear that the defendant at the March 19, 1984, enhancement hearing was given the opportunity " 'to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions,' " as required by *Ziemba, supra* at 619-20, 346 N.W.2d at 214, and § 39-669.07(3). Defendant made no objection to the validity of the earlier conviction.

The defendant's second assignment of error is that the trial

court abused its discretion in imposing sentence. The sentences imposed were the statutory mandatory sentences for this class of misdemeanor. In view of defendant's prior record the trial court was clearly within its discretion not to place defendant on probation. We find the trial court did not abuse its discretion.

AFFIRMED.