STATE OF NEBRASKA, APPELLEE, V. HOWARD K. FRASER, APPELLANT.

387 N.W.2d 695

Filed May 30, 1986. No. 85-642.

George A. Sutera of Sutera & Sutera Law Offices, P.C., for appellant.

Robert M. Spire, Attorney General, and Janie Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The appellant, Howard K. Fraser, appeals from his conviction and sentence for second offense driving while intoxicated.

The complaint charged Fraser in count I with driving while intoxicated, second offense, and in count II with operating a motor vehicle without lights on December 21, 1984. The complaint further alleged that Fraser had been convicted of driving while intoxicated in May of 1980.

On January 16, 1985, Fraser, appearing without counsel, entered pleas of guilty to both counts. After determining that the pleas had been entered voluntarily and intelligently, the court found the defendant guilty as charged and ordered an enhancement hearing on count I.

On March 22, 1985, Fraser appeared for the enhancement hearing and noted his previous waiver of the right to counsel. The court accepted the State's offer of exhibit 1, a certified transcript which included the ticket, complaint, journal entry, and bench sheet from Fraser's May 16, 1980, DWI conviction. Fraser objected to exhibit 1 on grounds that, contrary to indications in the transcript, he had not pleaded guilty to that charge. Upon further inquiry by the court, Fraser explained that he had asked to wait to plead until he knew the results of a blood alcohol test. At that point Fraser maintains the county attorney stated that the results had been lost. The judge then asked for the arresting officer's statement and, after reviewing it, advised Fraser of the possible penalties and of his choices. Fraser admits that he knowingly waived his right to counsel at the May 16, 1980, proceeding.

The county court determined that exhibit 1 was valid for enhancement purposes and that the penalty should be enhanced to driving while intoxicated, second offense. Fraser was sentenced on count I to 18 months' probation, a $500 fine plus all costs and expenses, 6 months' suspended license, 12 months' restricted license, 48 hours of incarceration in the county jail, and 28 days in jail unless sooner waived by the court.

On the appeal to the district court, the defendant argued that if he had been represented by counsel at the March 22, 1985, enhancement hearing, he would have known of his right to bring in mitigating circumstances to show that he had not pleaded guilty in 1980. The district court affirmed both Fraser's conviction and sentence, and his motion for new trial was overruled.

On appeal to this court Fraser claims (1) that the county and district courts improperly enhanced his conviction to a second offense and (2) since the conviction was improperly enhanced, the sentence imposed was improper.

The basis of Fraser's first contention is the conviction was improperly enhanced because the trial court at the March 22, 1985, hearing failed to advise him of his right to review the record of the prior conviction and to bring mitigating facts to the attention of the court prior to sentencing as provided in Neb. Rev. Stat. § 39-669.07 (Reissue 1984).

Under § 39-669.07 a defendant may object to the validity of a prior conviction for enhancement purposes where there is no showing that at the time of the previous conviction he was represented by counsel or knowingly and voluntarily waived the right to counsel. *State v. Soe*, 219 Neb. 797, 366 N.W.2d 439 (1985); *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984); *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983).

In *State v. Smith, supra* at 449, 329 N.W.2d at 566, we held that a defendant may not relitigate a former conviction in an enhancement proceeding, and to that extent the conviction cannot be collaterally attacked. However,

> the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. *Baldasar v. Illinois, supra.* . . . A defendant's objection to the introduction of a transcript of conviction which fails to show on its face that counsel was afforded or the right waived does not constitute a collateral attack on the former judgment.

At the hearing on March 22, 1985, Fraser objected to the use of exhibit 1 to prove the prior conviction because it indicated that he had pleaded guilty. His objection did not go to the fact of the prior conviction nor to the fact that he had waived the right to counsel.

Our recent cases have made it clear that "[f]or enhancement purposes the burden on the State to prove valid prior convictions is only to show that the defendant had, or waived, counsel at the time of such prior convictions." *State v. Soe, supra* at 799, 366 N.W.2d at 440-41. Other objections to the

validity of prior convictions constitute collateral attacks and must be raised either by direct appeal or in separate proceedings commenced expressly for the purpose of setting aside the alleged invalid judgment. *State v. Jones,* 219 Neb. 184, 362 N.W.2d 58 (1985); *State v. Baxter,* 218 Neb. 414, 355 N.W.2d 514 (1984).

In *State v. Ziemba, supra* at 620, 346 N.W.2d at 214, we stated that regardless of whether a prior conviction is proved by transcript or by the defendant's admission, "the trial court is required to advise the defendant that he has a right to review the record of the prior conviction, bring mitigating facts to the attention of the court prior to sentencing, and object to the validity of the prior conviction as provided in § 39-669.07."

In *State v. Tonge,* 217 Neb. 747, 350 N.W.2d 571 (1984), we held that the trial court did not err in failing to advise the defendant of his right to challenge the constitutional validity of his prior convictions, because the amendment to § 39-669.07 mandating such an advisement came into effect after the incident leading to the enhanced conviction. We noted, however, that even if Tonge had been entitled to the advisement, a contest of the prior convictions would have been without merit because the record of those convictions showed either that he was represented by counsel or that he waived that right.

In the present case, like *Tonge, supra,* it is clear from the record that the defendant knowingly waived the right to counsel in the proceedings leading to his May 16, 1980, DWI conviction.

The record shows that at the enhancement hearing on March 22, 1985, Fraser was specifically advised of his right to challenge or contest the validity of any prior conviction offered for purposes of enhancing his punishment. Fraser did in fact object to the record of his prior conviction. The record also shows that the trial court thoroughly reviewed the transcript of the prior conviction with Fraser. Prior to imposing sentence, the court asked Fraser if he had anything he wished to say. Fraser responded that he was a good family man who held a responsible job and that he had never had an accident. He asked the court to consider those facts in determining his sentence.

Because Fraser could not successfully challenge the May 16,

1980, conviction for enhancement purposes and because he was in fact given the opportunity to raise mitigating circumstances and to review the record of his prior conviction, we find no merit in the first assignment of error.

Since the conviction was properly enhanced in this case, there was no abuse of discretion in the trial court's imposition of sentence. The sentence imposed was authorized by the provisions of § 39-669.07(2). See *State v. Soe,* 219 Neb. 797, 366 N.W.2d 439 (1985). There being no prejudicial error, the judgment and sentence of the trial court are affirmed.

AFFIRMED.