STATE OF NEBRASKA, APPELLEE, V. ERNEST D. HAMBLIN, APPELLANT.

390 N.W.2d 533

Filed July 18, 1986.   No. 85-909.

Michael L. Munch of Hascall, Jungers & Garvey, for appellant.

Robert M. Spire, Attorney General, and Janie Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Ernest D. Hamblin appeals the judgment of the district court for Sarpy County affirming Hamblin's conviction on his guilty plea in the county court to the charge of driving a motor vehicle while under the influence of alcoholic liquor. See Neb. Rev. Stat. § 39-669.07 (Reissue 1984). We affirm.

The only issue in this appeal involves propriety of using a certified copy of the judgment entered on Hamblin's prior conviction for drunk driving to enhance the penalty on conviction for Hamblin's second such offense. See § 39-669.07(2).

The complaint in the present case charged that, on February 2, 1985, Hamblin, under the influence of alcoholic liquor, operated a motor vehicle. The court correctly accepted Hamblin's guilty plea to that charge and, upon Hamblin's acknowledgment of readiness to proceed, held an enhancement proceeding to determine the penalty to be imposed on

Hamblin. See § 39-669.07(3). At the enhancement hearing, the court, over Hamblin's objection, admitted into evidence a certified copy of a judgment entered on Hamblin's 1982 conviction for operating a motor vehicle while Hamblin was under the influence of alcoholic liquor. That certified copy of the 1982 judgment showed that the court informed Hamblin concerning his rights to counsel, trial by jury, and confrontation of any witnesses, as well as the privilege against self-incrimination—all of which Hamblin understood and waived. The certified copy of the 1982 judgment also reflected that the penalty on conviction for drunk driving was explained to Hamblin and understood by him and that the complaint had been read to Hamblin. After finding a factual basis for the offense alleged and determining that Hamblin's plea and waiver had been made knowingly, intelligently, and voluntarily, the court accepted Hamblin's guilty plea, found Hamblin guilty, and sentenced him.

In *State v. Fraser*, 222 Neb. 862, 864-65, 387 N.W.2d 695, 697 (1986), we stated:

Under § 39-669.07 a defendant may object to the validity of a prior conviction for enhancement purposes where there is no showing that at the time of the previous conviction he was represented by counsel or knowingly and voluntarily waived the right to counsel. . . .

. . . .

. . . "[F]or enhancement purposes the burden on the State to prove valid prior convictions is only to show that the defendant had, or waived, counsel at the time of such prior convictions." [Citing and quoting from *State v. Soe*, 219 Neb. 797, 366 N.W.2d 439 (1985).] Other objections to the validity of prior convictions constitute collateral attacks and must be raised either by direct appeal or in separate proceedings commenced expressly for the purpose of setting aside the alleged invalid judgment.

We reiterate that an enhancement proceeding may not be used to collaterally attack a previous judgment of conviction used to enhance a penalty, when a defendant, on whom the enhanced penalty is to be imposed, had, or waived, counsel at the time of the previous conviction.

Hamblin's question about the 1982 judgment of conviction is a collateral attack on that prior judgment. Evidence was proper and sufficient to sustain imposition of an enhanced penalty on Hamblin in accordance with § 39-669.07.

AFFIRMED.