STATE OF NEBRASKA, APPELLEE, V. OLLIE J. DAVIS, APPELLANT.

398 N.W.2d 729

Filed January 16, 1987.    No. 86-269.

Thomas M. Kenney, Douglas County Public Defender, and Mary G. Likes, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

A jury convicted Ollie J. Davis on the charge of second degree forgery, see Neb. Rev. Stat. § 28-603(1) (Reissue 1985), an offense which occurred on April 25, 1985, and the district court sentenced Davis as a habitual criminal, see Neb. Rev. Stat. § 29-2221 (Reissue 1985). Davis appeals the sentence. We affirm.

For the enhanced penalty (habitual criminal), the State offered exhibits reflecting Davis' guilty pleas resulting in convictions and sentences for two previous felonies—one in a federal court, the other in a state district court of Nebraska. Neither of Davis' prior convictions has been set aside, and Davis has not been pardoned on either conviction and sentence.

Davis contends that the State's evidence for the enhanced penalty is insufficient, that is, the evidence does not show that Davis was "represented by or waived his right to counsel, nor did [the State's documentary proof] set forth whether the pleas were freely and voluntarily and intelligently made." Brief for Appellant at 5. To support his contention Davis relies on *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), where the U.S. Supreme Court, construing the 6th and 14th amendments to the U.S. Constitution, held that an uncounseled felony conviction could not be used to enhance punishment under a recidivist statute.

As noted, Davis' appeal involves a question concerning the sufficiency of evidence to sustain imposition of enhanced punishment under § 29-2221, a penalty prescribed by Nebraska's "habitual criminal" statute.

To use a prior conviction as a basis for enhancement, the State need only show that the convicted defendant had, or waived, counsel at the time of such prior conviction. Other objections to the validity of such prior conviction constitute collateral attacks on that prior conviction and must be raised either by direct appeal from the prior conviction or in separate

proceedings commenced expressly for the purpose of setting aside such prior conviction as an invalid judgment. *State v. Hamblin*, 223 Neb. 469, 390 N.W.2d 533 (1986). See, also, *State v. Fraser*, 222 Neb. 862, 387 N.W.2d 695 (1986); *State v. Soe*, 219 Neb. 797, 366 N.W.2d 439 (1985); *State v. Baxter*, 218 Neb. 414, 355 N.W.2d 514 (1984).

Whether Davis' guilty pleas to previous felony charges were understandingly, intelligently, and voluntarily made is irrelevant to the present proceedings because such question about either prior plea and resultant conviction is a subject for direct appeal or separate proceedings expressly for the purpose of setting aside those prior convictions, and is a collateral attack on such prior convictions and, therefore, an improper inquiry in the enhancement proceeding under review. Whether a defendant's guilty plea, which results in a conviction later used as the basis for application of an enhanced penalty, has been made understandingly, intelligently, and voluntarily is not an issue in the Supreme Court's review concerning the validity of an enhanced punishment imposed on a defendant. See *State v. Hamblin, supra.* Consequently, we limit our examination to the remainder of Davis' contention, namely, whether the State's evidence was sufficient to prove Davis' two prior counseled convictions for felonies.

Regarding Davis' conviction in federal court, the prosecution introduced into evidence appropriate copies of records for proceedings in the U.S. district courts. The copy of the "Judgment and Commitment," entered on June 18, 1973, in the U.S. District Court for the Southern District of Iowa, recited that "[Davis] appeared in person and by Richard A. Strickler, counsel. IT IS ADJUDGED that the defendant upon his plea of guilty . . . has been convicted of" interstate transportation of a forged check drawn on an Omaha bank in violation of 18 U.S.C. § 2314 (1982). The court sentenced Davis to imprisonment for 3 years but, suspending execution of that sentence, placed Davis on probation for 3 years. Administration of Davis' probation was transferred to federal jurisdiction in Nebraska. On January 2, 1975, Davis appeared with his lawyer before the U.S. District Court for the District of Nebraska, where Davis admitted violation of the 1973

probation ordered by the federal court in Iowa. The federal court in Nebraska vacated the previous order of probation entered in Iowa and then reinstated the 3-year prison sentence imposed in Iowa in 1973.

As proof of Davis' other felony conviction and sentence, the State introduced an appropriate copy of the "Judgment and Sentence" of the district court for Douglas County, Nebraska, entered on June 4, 1975, which document recited: "Ollie J. Davis is present in court with counsel, W. Campbell . . . [and] is arraigned for sentence upon his plea of guilty to the charge of Unlawful Delivery of Controlled Substance, as heretofore entered herein . . . and . . . the said defendant still adheres to his said plea of guilty and says he desires to stand thereon."

At the enhancement hearing after his conviction on the Nebraska forgery charge, Davis acknowledged that his "attorney over there in Iowa worked out a plea bargain with the U.S. attorney over there" and that Davis then entered his guilty plea to the federal charge in Iowa. Concerning his prior conviction in the district court for Douglas County, namely, his guilty plea to the charge of delivering a controlled substance, Davis acknowledged that he was represented by the "Public Defender's Office" when, in 1975, he "pled guilty to delivery of a controlled substance" and was sentenced.

> It is well established that the existence of a prior conviction and the identity of the accused as the person convicted may be shown by any competent evidence, including the oral testimony of the accused and duly authenticated records maintained by the courts or penal and custodial authorities.

*State v. Luna*, 211 Neb. 630, 634, 319 N.W.2d 737, 740 (1982).

In view of the entire record before us, including Davis' acknowledgments about his prior convictions, there is no doubt that Davis had a lawyer when he entered his guilty plea to each felony charge on which he was previously convicted. The State presented sufficient evidence establishing Davis' counseled felony convictions used as bases for valid imposition of the enhanced punishment prescribed by § 29-2221. There is no error in the sentence imposed.

AFFIRMED.