STATE OF NEBRASKA, APPELLEE, V. OLLIE J. DAVIS, APPELLANT.

423 N.W.2d 487

Filed May 20, 1988.   No. 87-913.

Ollie J. Davis, pro se.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In a postconviction proceeding, see Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985), the district court for Douglas County, on examination of the motion of Ollie J. Davis and a review of the files and records in Davis' case, determined that Davis was not entitled to postconviction relief and denied an evidential hearing on Davis' motion for postconviction relief.

As reflected in Davis' direct appeal, *State v. Davis*, 224 Neb. 518, 398 N.W.2d 729 (1987), he was represented at trial by counsel; a jury found Davis guilty of second degree forgery, see Neb. Rev. Stat. § 28-603(1) (Reissue 1985); and the district court sentenced Davis as a habitual criminal, see Neb. Rev. Stat. § 29-2221 (Reissue 1985). In his direct appeal, Davis was represented by the Douglas County public defender's office. In that appeal, Davis contended that the State's evidence was insufficient for imposition of the enhanced penalty (habitual criminal). See *State v. Davis, supra*.

In the postconviction proceeding involved in the present appeal, Davis, pro se, claims that his conviction is a denial of due process required by the 14th amendment to the U.S. Constitution.

The gist and substance of Davis' contention are an alleged insufficiency of evidence to sustain the verdict against him. In particular, Davis contends that a police officer's testimony was contradictory and that testimony from other witnesses for the State was either vague or inconclusive concerning the elements of second degree forgery, including identification of Davis as the individual who uttered the forged check involved in the prosecution of Davis.

A motion for postconviction relief cannot be used to secure review of issues which have already been litigated on direct appeal, or which were known to the defendant and counsel at the time of trial and which were capable of being raised, but were not raised, in the defendant's direct

appeal. *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985). In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous.

*State v. Dillon*, 224 Neb. 503, 507, 398 N.W.2d 718, 720-21 (1987).

Davis' contention relates to matters which were known to Davis and his counsel at the time of trial and which were capable of being raised, but were not raised, in Davis' direct appeal. See *State v. Davis, supra.*

The decision and judgment of the district court are correct.

AFFIRMED.