STATE OF NEBRASKA, APPELLANT, V.
MARSHA K. LOUTHAN, APPELLEE.
595 N.W. 2d 917

Filed June 25, 1999.    No. S-98-624.

W. Bert Lammli, Stanton County Attorney, for appellant.

Mark A. Johnson, of Johnson & Morland, P.C., for appellee.

Paul D. Kratz, Omaha City Attorney, Martin J. Conboy III, Omaha City Prosecutor, and J. Michael Tesar, for amicus curiae City of Omaha.

Joe Stecher, Dodge County Attorney, and Kevin J. Slimp, for amicus curiae Nebraska County Attorneys Association.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

## INTRODUCTION

The State appeals from an order of the district court for Stanton County in a separate proceeding filed by Marsha K.

Louthan in which she challenged, for purposes of penalty enhancement, the validity of a prior conviction for driving under the influence of alcoholic liquor (DUI). Reversing an order of the county court for Stanton County, the district court held that because the record failed to disclose that Louthan expressly waived certain constitutional rights when she entered her guilty plea on February 28, 1994, the conviction entered on such plea was invalid and could not be used for enhancement purposes. We reverse, and remand with directions to dismiss.

## FACTS AND PROCEDURAL BACKGROUND

On February 9, 1998, after being charged with second-offense DUI in Cuming County, Louthan filed a petition for relief in a separate proceeding in the county court for Stanton County, seeking a determination that her 1994 conviction by that court for first-offense DUI was invalid for enhancement purposes. At a hearing on Louthan's petition, the county court took judicial notice of the record from the 1994 proceeding. The record included a completed checklist signed by the county judge and filed when Louthan entered her guilty plea and was convicted, but it did not include a verbatim transcription of that proceeding.

According to the checklist, Louthan appeared with counsel on February 28, 1994, and was advised of the nature of the charges and the possible penalties. The court advised Louthan of the "[p]resumption of innocence and right to remain silent," the "[r]ight to a jury trial with burden on State to prove its case beyond a reasonable doubt . . . to confront & cross examine State's witnesses, and to call and subpoena witnesses," and "[t]o have all proceedings recorded and to use the record for appeal." Louthan was advised of the possible pleas and the consequences of pleading not guilty, pleading guilty, or standing mute. Louthan entered a plea of guilty, and the court found that the plea had a factual basis and was "freely, voluntarily, and intelligently made with a full understanding of the charges and possible penalties." The checklist included a finding of guilt beyond a reasonable doubt, a waiver of the right of allocution, and a sentence consisting of a $200 fine, costs, and probation.

Louthan's counsel argued that the 1994 conviction should be held invalid for purposes of enhancement because the checklist

did not include an express waiver of the right to confront witnesses, the right to a jury trial, and the privilege against self-incrimination, as required by *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997). The county court denied the relief requested by Louthan, noting that the checklist reflected that the guilty plea was accepted upon a finding that there was a factual basis and that it was freely, voluntarily, and intelligently made. The court concluded:

> It would be impossible for the Court to make that finding without determining in advance all of those things which Hays says has to be done in order to find and adjudge the defendant guilty. It is the Court's opinion that that finding is an affirmative showing that those facts and the things required in Hays have taken place. There was an adjudication of guilt. The Court will deny, as I indicated, [the petition] for those reasons. To hold otherwise would indicate that the Court makes no intelligent decisions at all.

Louthan appealed to the district court, which held that the record failed "to disclose that [Louthan] expressly waived her constitutional right to confront witnesses, right to jury trial and privilege against self-incrimination when she entered her guilty plea on February 28, 1994, and as such same is constitutionally invalid for purposes of enhancement." The State perfected this appeal and successfully petitioned to bypass the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

The State assigns, rephrased, that the district court erred in determining that the Stanton County DUI conviction was invalid for enhancement purposes and in determining that the county court had jurisdiction to maintain a separate proceeding.

## STANDARD OF REVIEW

■ The State's assignments of error present questions of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Teters v. Scottsbluff Public Schools*, 256 Neb. 645, 592 N.W.2d 155 (1999).

## ANALYSIS

"Statutes that punish recidivists more severely than first offenders have a long tradition in this country that dates back to colonial times." *Parke v. Raley*, 506 U.S. 20, 26, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992). Nebraska's current DUI law, Neb. Rev. Stat. § 60-6,196 (Reissue 1998), is such a statute in that it provides for enhanced penalties resulting from multiple convictions during a 12-year period. DUI convictions for first, second, and third offense are Class W misdemeanors which carry maximum penalties ranging from 60 days' imprisonment, a $500 fine, and a 6-month license revocation for a first offense to 1 year's imprisonment, a $600 fine, and a 15-year license revocation for a third offense. Neb. Rev. Stat. §§ 28-106 (Cum. Supp. 1998) and 60-6,196(2). If the offender has three or more prior DUI convictions during a 12-year period, the offense becomes a Class IV felony with a maximum sentence of 5 years' imprisonment, a $10,000 fine, or both, with no minimum sentence and a 15-year revocation of driving privileges. Neb. Rev. Stat. §§ 28-105 (Cum. Supp. 1998) and 60-6,196(2)(d). For second and subsequent offenses, the statute provides for mandatory incarceration for a prescribed period when the offender is placed on probation or given a suspended sentence. § 60-6,196(2)(b) through (d). With respect to prior convictions utilized for enhancement, § 60-6,196(3) provides:

> For each conviction under this section, the court shall as part of the judgment of conviction make a finding on the record as to the number of the defendant's prior convictions under this section and under a city or village ordinance enacted pursuant to this section in the twelve years prior to the date of the current conviction. The defendant shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions.

Determining the validity of prior DUI convictions for purposes of sentence enhancement implicates evolving principles of law by which we must define the point at which the interest of the State in the finality of judgments of conviction must yield to the due process rights of an accused. A starting point for this

analysis is *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), in which the Court held that the validity of a prior felony conviction offered for purposes of enhancement could be successfully challenged on the ground that the defendant was denied his Sixth Amendment right to counsel at the time of the conviction. Subsequently, in *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), the Court reversed plea-based convictions because the record did not affirmatively show that the defendant entered the pleas voluntarily and intelligently, with the knowledge that they constituted a waiver of his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. The Court concluded that it could not "presume a waiver of these three important federal rights from a silent record." 395 U.S. at 243.

This court first addressed *Boykin* in *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971), a direct appeal from a plea-based conviction. We interpreted *Boykin* as requiring that "a plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily." *State v. Turner*, 186 Neb. at 425, 183 N.W.2d at 765. This became known as the "*Boykin-Turner* rule," which was expanded in three subsequent decisions by this court: *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), a direct appeal from a second-offense DUI conviction based upon a guilty plea; *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), a direct appeal from a forgery conviction based upon a plea of nolo contendere; and *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997), on further review of a direct appeal from plea-based convictions for disturbing the peace and criminal mischief. In *Hays*, we articulated the current rule:

> [A] guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty he waives his right to confront witnesses against him, his right to a jury trial, and his privilege against self-incrimination, or otherwise affirmatively shows an express waiver of said rights. Thus, to support a finding that a plea of guilty or nolo contendere has been voluntarily and intelligently made, the court must (1) inform the defendant con-

cerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing, including, in the absence of an express waiver of such rights by the defendant, whether the defendant understands that by pleading guilty, the defendant waives his or her right to assistance of counsel [due to scrivener's error, "right to assistance of counsel" should read "privilege against self-incrimination," as stated *supra*], right to confront witnesses, and right to a jury trial. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged.

253 Neb. at 476-77, 570 N.W.2d at 829. We have written that although a court " ' "cannot presume a waiver of . . . federal rights from a silent record," ' " *id.* at 472, 570 N.W.2d at 827, quoting *State v. Tweedy, supra,* " 'a verbatim transcript of the rendition of a guilty plea is not constitutionally required, nor does absence of such a transcript require a finding that the plea was invalid,' " *id.,* quoting *State v. Ziemba,* 216 Neb. 612, 346 N.W.2d 208 (1984). We recognized in *Ziemba* that a checklist authenticated by the signature or initials of the judge which is a part of the record and shows compliance with all requirements for a valid plea of guilty can be utilized to affirmatively establish the validity of a prior plea-based conviction.

In *State v. Voight,* 206 Neb. 829, 295 N.W.2d 112 (1980), *overruled, State v. Smith,* 213 Neb. 446, 329 N.W.2d 564 (1983), we held that a defendant charged with a third-offense DUI under an earlier version of our current DUI statute had no right to collaterally attack his first- and second-offense convictions in order to prevent them from being used for enhancement. Subsequently, in *Baldasar v. Illinois,* 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980), *overruled, Nichols v. United States,* 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), the Supreme Court held that an uncounseled misdemeanor conviction, even though it did not result in incarceration, could not be used under an enhanced penalty statute to convert a subsequent

misdemeanor into a felony with a prison term. Relying upon *Baldasar, supra,* and *Burgett v. Texas,* 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), this court held in *Smith* that for purposes of DUI sentence enhancement, a defendant's objection to the introduction of a transcript of conviction which failed to show on its face that counsel was afforded or the right waived did not constitute a collateral attack on the former judgment and should have been sustained by the trial court. We overruled *Voight, supra,* and *State v. Orosco,* 199 Neb. 532, 260 N.W.2d 303 (1977), to the extent that they conflicted with this holding.

In a series of subsequent cases, we interpreted *Smith* as establishing the rule that in DUI enhancement proceedings, a defendant could object to the record of a prior conviction on the basis that it did not affirmatively establish that he or she was represented by counsel or had waived the right to counsel. *State v. Davis,* 224 Neb. 518, 398 N.W.2d 729 (1987), *denial of habeas corpus rev'd on other grounds* 958 F.2d 831 (8th Cir. 1992); *State v. Hamblin,* 223 Neb. 469, 390 N.W.2d 533 (1986); *State v. Fraser,* 222 Neb. 862, 387 N.W.2d 695 (1986); *State v. Soe,* 219 Neb. 797, 366 N.W.2d 439 (1985); *State v. Baxter,* 218 Neb. 414, 355 N.W.2d 514 (1984); *State v. Ziemba, supra.* Without citation of authority, we stated in *Baxter* that "[o]ther objections to the validity of the judgment must be raised by direct appeal or in a separate proceeding commenced for the express purpose of setting aside the judgment alleged to be invalid." 218 Neb. at 416, 355 N.W.2d at 516. This reference to a "separate proceeding" was repeated in subsequent opinions citing to *Baxter* as original authority. See, *State v. Davis, supra; State v. Fraser, supra.* See, also, *State v. Hamblin, supra.* However, we tacitly departed from this line of cases in *State v. Gonzales,* 218 Neb. 43, 352 N.W.2d 571 (1984), where we held that a defendant could properly raise objections under *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and *State v. Tweedy,* 209 Neb. 649, 309 N.W.2d 94 (1981), to prior plea-based convictions offered under the habitual criminal statute.

We addressed this inconsistency in *State v. Oliver,* 230 Neb. 864, 870, 434 N.W.2d 293, 298 (1989), a direct appeal from a conviction for third-offense DUI, wherein we stated:

Upon further consideration of the matter, we now expressly disapprove our holding in the *Gonzales* case that a defendant may raise the constitutional invalidity of a prior conviction in an enhancement proceeding, and now hold that such an issue may only be raised in a direct appeal or in a separate proceeding commenced for the express purpose of setting aside the judgment alleged to be invalid.

In *State v. Crane*, 240 Neb. 32, 35, 480 N.W.2d 401, 403 (1992), we characterized this as a procedural rule, stating:

We have repeatedly held that, as a procedural matter, a defendant cannot collaterally attack a prior conviction in an enhancement proceeding and that challenging a prior plea-based conviction based on the lack of a *Boykin*-type colloquy constitutes a collateral attack. . . . We do, however, allow challenges to prior plea-based convictions offered for enhancement purposes based on the transcript's failure to disclose whether the defendant had or waived counsel at the time the pleas were entered. . . . We do so because we do not regard such a challenge as a collateral attack on the former judgment. . . . One could also challenge the constitutional validity of a prior conviction through a separate proceeding, such as an action for declaratory judgment.

Our first occasion to review a collateral attack to a prior plea-based conviction in a separate proceeding was *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), in which a defendant charged with third-offense DUI challenged his two prior convictions on *Boykin* grounds both by objection and by filing a "Petition for Relief in a Separate Proceeding." We characterized this as a "second-tier challenge" to the prior convictions, which, unlike a "first-tier challenge" based upon denial of the Sixth Amendment right to counsel, could not be asserted by general objection because it constituted a collateral attack on a prior conviction. *Id.* at 827, 491 N.W.2d at 330-31. However, we held that the petition for a "separate proceeding" was a proper vehicle for asserting the *Boykin* challenge to the prior plea-based convictions. *Id.*

Following our decision in *Wiltshire*, the U.S. Supreme Court decided two cases involving the assertion of *Boykin* challenges to plea-based convictions in enhancement proceedings. In *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), the defendant challenged, on *Boykin* grounds, the use of prior state court convictions to enhance the sentence for his conviction on federal drug and firearms charges. The Supreme Court affirmed the holding of the lower courts that the federal statute under which Custis was convicted did not authorize collateral attacks on prior convictions. It also rejected his contention that the U.S. Constitution required some procedural route through which the prior convictions could be challenged in enhancement proceedings, interpreting its prior holdings to permit such a challenge only when the prior conviction was tainted by the "unique constitutional defect" of failure to appoint counsel. 511 U.S. at 496. In refusing to extend its holding in *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), the Court specifically found that none of Custis' constitutional challenges to his prior convictions, including the claim that a guilty plea was not knowing and voluntary, "rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." 511 U.S. at 496. In reaching this conclusion, the Court also stated:

> Ease of administration also supports the distinction. As revealed in a number of the cases cited in this opinion failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of . . . failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any one of the 50 States.

> The interest in promoting the finality of judgments provides additional support for our constitutional conclusion. As we have explained, "[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures" and inevitably delay and impair the orderly

administration of justice. . . . [P]rinciples of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing. By challenging the previous conviction, the defendant is asking a district court "to deprive [the] [state-court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." . . . These principles bear extra weight in cases in which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, "the concern with finality served by the limitation on collateral attack has special force."

(Citations omitted.) *Id.* at 496-97.

In *Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), the defendant objected to the use of a prior misdemeanor conviction offered for purposes of enhancing a sentence for his conviction on federal felony drug charges, arguing that at the time of the prior conviction he had been denied his Sixth Amendment right to counsel. Overruling *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980), the Court held that a sentencing court may use a defendant's prior uncounseled misdemeanor conviction to enhance the sentence for a subsequent offense so long as the prior conviction did not itself result in a sentence of imprisonment. Thus, based upon *Custis* and *Burgett* as modified by *Nichols*, the federal Constitution affords a right to challenge a prior conviction offered for purposes of enhancement only where it resulted in imprisonment and the defendant was denied the Sixth Amendment right to counsel.

The impact of *Custis* and *Nichols* upon a defendant's ability to assert a prior plea-based conviction in a separate proceeding was addressed by the appellate courts of this state in *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995), *aff'd on other grounds, State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995). In *LeGrand,* a defendant charged with third-offense DUI unsuccessfully petitioned the district court in a separate proceeding to invalidate his prior plea-based convictions for purposes of enhancement on the ground that they were not based on a full

advisement of constitutional rights as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). After analyzing the historical development of the "separate proceeding" rule culminating in *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), the decisions of the Supreme Court in *Custis* and *Nichols*, and an indication in *Wiltshire* that this court would follow U.S. Supreme Court precedent in recognizing the right to challenge the use of prior convictions for enhancement purposes, the Court of Appeals concluded that the "separate proceeding" was no longer necessary in order to comport with federal constitutional law. Accordingly, it held that

> it is impermissible to attack the validity of a prior conviction in an enhancement proceeding on any grounds, with one exception: We do allow challenges to prior plea-based convictions offered for enhancement purposes based on the transcript's failure to disclose whether the defendant had or waived counsel at the time the pleas were entered, when the defendant was sentenced to imprisonment for any period of time as a result of the pleas.

*LeGrand v. State*, 3 Neb. App. at 318-19, 527 N.W.2d at 213.

On further review, this court determined that the Court of Appeals erred in concluding that *Custis* and *Nichols* invalidated the use of separate proceedings to challenge prior plea-based convictions for purposes of enhancement. Reasoning that "states are free to afford their citizens greater due process protection under their state constitutions than is granted by the federal constitution," *State v. LeGrand*, 249 Neb. at 8, 541 N.W.2d at 385-86, we concluded:

> Thus, there exists no federal mandate to overrule separate state proceedings to collaterally attack prior state convictions on grounds other than right to counsel or waiver of counsel. A constitutionally invalid conviction used for sentence enhancement works a second constitutional violation on the defendant by allowing an invalid conviction to serve as a predicate for a recidivist conviction. Without separate proceedings, a defendant in a state case, who is not in custody, has no other forum to challenge a constitutionally infirm judgment sought to be used for sentence enhance-

ment. With this in mind, we reaffirm our holdings in *State v. Oliver*, [230 Neb. 864, 434 N.W.2d 293 (1989)], and *State v. Wiltshire, supra*, that separate proceedings are a valid means to collaterally attack allegedly constitutionally invalid prior convictions used for sentence enhancement.

*State v. LeGrand*, 249 Neb. at 9, 541 N.W.2d at 386. However, we concluded that the collateral attack was without merit and therefore affirmed.

■ Upon further consideration, we now conclude that our holding in *LeGrand* with respect to separate proceedings is unsound for several reasons. We have held that where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding. See *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992). The only statutory procedure for challenging a prior DUI conviction offered for purposes of enhancement is that set forth in § 60-6,196(3). We have construed the language of this section, previously codified at Neb. Rev. Stat. § 39-669.07 (Reissue 1988), as permitting only a first-tier challenge based upon denial of Sixth Amendment rights. *State v. Wiltshire, supra; State v. Fraser*, 222 Neb. 862, 387 N.W.2d 695 (1986). Generally, where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of its intent. *Mayfield v. Allied Mut. Ins. Co.*, 231 Neb. 308, 436 N.W.2d 164 (1989); *Nelson v. Dolan*, 230 Neb. 848, 434 N.W.2d 25 (1989). The Legislature has not enacted a procedure for asserting second-tier challenges to prior plea-based DUI convictions, and thus, unless such a procedure is constitutionally mandated, it "is unauthorized and, therefore, unavailable under Nebraska criminal procedure." *State v. Miller*, 240 Neb. at 299, 481 N.W.2d at 581.

■ A person who is convicted on the basis of a guilty plea has a right to appeal on the ground that the plea was not knowing and voluntary. See *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997). The record in such an appeal would ordinarily include both a transcript and a bill of exceptions. See Neb. Ct. R. of Prac. 4 and 5 (rev. 1996). The transcript would include any checklist utilized by the court at the time the plea was accepted, while the bill of exceptions would include the verbatim colloquy

between the court and the accused regarding his or her understanding of the plea and the waiver of rights attendant thereto. It is upon this complete record that an appellate court determines whether the legal prerequisites for a valid plea-based conviction, as most recently articulated in *Hays*, were met.

When the defendant elects *not* to appeal, however, no bill of exceptions is prepared. Under regulations promulgated by the Nebraska Records Management Division, in effect at the time of Louthan's 1994 conviction and now, the tapes from which the verbatim record ordinarily included in a bill of exceptions could be prepared may be erased 30 days after the appeal time has elapsed. See Records Retention and Distribution Schedule, paragraph 18-10-7 (rev. 1998) and this court's Rules for Release, Substitution, and Disposal of Exhibits (rev. 1996). Thus, when a separate proceeding is commenced years after a plea-based conviction from which there was no direct appeal, the record will likely not contain any colloquy between the court and the accused at the time of the acceptance of the plea. That is true of the record before us in the present case. While it is impermissible on direct appeal to presume waiver from a silent record, it is illogical and not in the interests of justice to presume from an incomplete record in a separate proceeding that the trial court abrogated its responsibility to ascertain the defendant's understanding and voluntary waiver of rights before accepting a guilty plea. Yet that is precisely the position in which the district court in the present case was placed in order to comply with both *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), and *Hays, supra*. At some point, judgments of conviction must become final and the State should not be required to "rummage through frequently nonexistent or difficult to obtain . . . transcripts or records" in order to defend them against collateral attack. See *Custis v. United States*, 511 U.S. 485, 496, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994).

Moreover, the "separate proceeding" by which defendants are currently permitted to challenge prior DUI convictions for purposes of enhancement is inconsistent with limitations which our law places upon collateral attack of criminal convictions under other circumstances. For example, subsequent to *LeGrand*, we held that a defendant may not utilize a special proceeding to col-

laterally attack a prior conviction that is an element of a subsequent offense. *State v. Lee*, 251 Neb. 661, 558 N.W.2d 571 (1997). An incarcerated defendant is not permitted to utilize a motion for postconviction relief under Neb. Rev. Stat. § 29-3001 (Reissue 1995) in order to secure review of issues which could have been litigated on direct appeal. *State v. Fletcher*, 253 Neb. 1029, 573 N.W.2d 752 (1998); *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995).

■ We therefore hold that the due process requirements of both the state and federal Constitutions are satisfied by the right of direct appeal from a plea-based DUI conviction and the procedure set forth in § 60-6,196(3), which permits a defendant to challenge the validity of a prior DUI conviction offered for purposes of enhancement on the ground that it was obtained in violation of the defendant's Sixth Amendment right to counsel. We need not, and therefore do not, reach the issue of whether such a challenge is permissible where the prior conviction did not result in a sentence of imprisonment. See, *Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994); *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996). To the extent that *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995); *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992); *State v. Crane*, 240 Neb. 32, 480 N.W.2d 401 (1992); *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989); *State v. Davis*, 224 Neb. 518, 398 N.W.2d 729 (1987); *State v. Hamblin*, 223 Neb. 469, 390 N.W.2d 533 (1986); *State v. Fraser*, 222 Neb. 862, 387 N.W.2d 695 (1986); and *State v. Baxter*, 218 Neb. 414, 355 N.W.2d 514 (1984), hold that a prior conviction sought to be used for enhancement in a DUI prosecution can be collaterally attacked in a separate proceeding, they are overruled.

## CONCLUSION

For the foregoing reasons, we conclude that Louthan's 1994 DUI conviction was not subject to collateral attack in a separate proceeding and therefore reverse the judgment of the district court and remand the cause with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.