STATE OF NEBRASKA, APPELLEE, V.
STEPHEN C. FLESNER, APPELLANT.
632 N.W.2d 403

Filed August 28, 2001.   No. A-00-1252.

Rodney W. Smith, of The Law Offices of Rodney W. Smith, P.C., for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Stephen C. Flesner appeals his conviction for third-offense driving under the influence (DUI), contending that the Pierce County District Court erred in affirming the use of a prior conviction for enhancement purposes. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On March 1, 2000, a complaint was filed in Pierce County Court charging Flesner with third-offense DUI, in violation of Neb. Rev. Stat. § 60-6,196 (Supp. 1999). Flesner was convicted of DUI, and an enhancement hearing was held on August 9, 2000.

At the hearing, the State offered exhibit 1, a certified copy of Flesner's 1996 Pierce County DUI conviction in case No. CR96-171, and exhibit 2, a certified copy of Flesner's 1999 Antelope County DUI conviction in case No. CR99-34. The defense offered exhibit 3, a journal entry in case No. CR96-171 filed on April 6, 1999, by the Pierce County Court in which the

court found that Flesner's DUI conviction in that case was not suitable for enhancement purposes because the taking of Flesner's plea did not satisfy the requirements of *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997). The county court found that Flesner's conviction was "invalid and void and that the judgment of conviction is herewith set aside." Flesner argued that since the conviction in case No. CR96-171 had been set aside, it was not appropriate to use that conviction for enhancement purposes. The county court judge disagreed, stating that "I don't think that was an appropriate order in . . . case number 96-171 Pierce County, Nebraska. I don't think there was any basis for the Court making an order like that. . . . The judgement clearly was not a void judgement. Nor was it ever voided."

The county court found that both exhibits 1 and 2 represented valid proof of prior DUI convictions. Flesner was then sentenced for third-offense DUI to 120 days in jail and a $600 fine, and his driving privileges were suspended for 15 years. Flesner appealed to the Pierce County District Court, which affirmed his conviction and sentence. Flesner has timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, Flesner contends that the district court erred in affirming the county court's determination that a prior DUI conviction was suitable for enhancement purposes.

## ANALYSIS

Flesner contends that the district court erred in affirming the county court's determination that Flesner's 1996 DUI conviction in case No. CR96-171 was suitable for enhancement purposes. Although Flesner concedes that "[a] proceeding for separate relief ceased to be the approved method of challenging an invalid judgment of conviction" following the Nebraska Supreme Court's decision in *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999), he suggests that the collateral attack of his conviction in case No. CR96-171 which resulted in the county court's April 1999 judgment purporting to "void" his conviction was permissible because it preceded the Nebraska Supreme Court's ruling in *Louthan, supra*. Brief for appellant at 7-8. Thus, Flesner claims that the county court's order was correct at the time that it was entered pursuant to *State v.*

*LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), which was the law in effect at that time and which was later overruled by *Louthan, supra.*

The flaw in Flesner's argument is that it disregards the rationale for the Supreme Court's holding in *Louthan* and its overruling of *LeGrand, supra.* As discussed in *Louthan*, 257 Neb. at 186, 595 N.W.2d at 925, "where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding." The only statutory procedure for challenging a prior DUI conviction offered for purposes of enhancement is that set forth in § 60-6,196(3), which permits only a first-tier challenge based upon denial of the Sixth Amendment right to counsel. *Id.* There is no procedure in Nebraska for asserting second-tier challenges as to prior plea-based DUI convictions, and thus, unless such a procedure is constitutionally mandated, it "'is unauthorized and, therefore, unavailable under Nebraska criminal procedure.'" *Louthan*, 257 Neb. at 186, 595 N.W.2d at 925. The court held that the due process requirements of both the state and federal Constitutions are satisfied by the right of direct appeal from a plea-based DUI conviction and the procedure set forth in § 60-6,196(3), which permits a defendant to challenge the validity of a prior DUI conviction offered for purposes of enhancement on the ground that it was obtained in violation of the defendant's Sixth Amendment right to counsel.

Because no statutory procedure exists for second-tier challenges to prior plea-based DUI convictions, such procedures are unavailable under Nebraska criminal procedure, and Flesner's attempt to collaterally attack his 1996 DUI conviction via a separate proceeding was not proper. Because Flesner's attempt to collaterally attack his 1996 DUI conviction was not authorized by Nebraska criminal procedure, the Pierce County Court did not have a proper motion before it, and its order purportedly voiding Flesner's conviction is without effect.

Finally, we note that exhibits 1 and 2 are valid proof of prior DUI convictions for the purposes of enhancement, in accordance with the requirement that the State prove in the current proceedings that at the time of the prior convictions, the defendant had counsel or validly waived counsel. *Louthan, supra.*

## CONCLUSION

In sum, there is not now, nor was there in April 1999, any statutory authority for the county court to enter the judgment purportedly "voiding" Flesner's DUI conviction in case No. CR96-171. Consequently, said judgment was itself void and the district court did not err in using Flesner's April 1999 conviction for enhancement purposes. Therefore, the decision of the district court affirming the decision of the county court is affirmed.

AFFIRMED.