781 N.W.2d 55 (2010)
279 Neb. 631
STATE of Nebraska, appellee,
v.
James Jackson ANDERSON, appellant.
No. S-09-348.
Supreme Court of Nebraska.
April 2, 2010.
*57 David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., Kearney, for appellant.
Jon Bruning, Attorney General, and James D. Smith, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
James Jackson Anderson appeals his conviction for driving under the influence (DUI), third offense. Anderson asserts that the district court for Hall County erred by using two of his prior DUI convictions for enhancement purposes over his objection. He argues that the convictions should not have been used because each conviction was obtained through the use of the uniform waiver system set forth in Neb. Ct. R. § 6-1455 of the uniform county court rules. We conclude that the district court did not err, and we affirm his conviction.

STATEMENT OF FACTS
Anderson was charged with DUI, third offense, in an information in which it was alleged that he drove under the influence on May 18, 2008, and that he had twice previously been convicted of DUI. On November 5, pursuant to a plea agreement, Anderson pled no contest to the underlying DUI charge, but it was left to be determined whether the conviction would be enhanced as a third offense.
At the December 11, 2008, enhancement hearing, the State offered evidence of Anderson's two prior convictions for DUI. The records showed that on July 10, 2003, and on July 7, 2005, Anderson pled guilty to DUI in the Hall County Court. In each case, Anderson completed a waiver and plea form in which he waived rights and entered his plea. Each form indicated that Anderson was waiving his rights, inter alia, to have the complaint read to him and be informed of the possible penalties, to have a trial before a judge or jury, and to appeal any final decision of the court. The form also stated that Anderson "realize[d] that this plea admits the fault of my violation(s) which may be used against me in any later proceeding." With respect to the 2003 conviction, Anderson was sentenced to a fine of $400 and 9 months' probation. With respect to the 2005 conviction, Anderson was sentenced to a fine of $400 and 7 days' incarceration. The record of each prior conviction showed that at the time of the plea and sentencing, Anderson was represented by counsel.
Anderson testified at the enhancement hearing regarding his prior convictions. He testified that with respect to both convictions, he never saw a judge; never entered a court-room; and never had a judge advise him of his rights, of the consequences of waiving his rights, or of the potential for enhancement in subsequent DUI convictions and the potential penalties in such subsequent convictions. Instead, he and his attorney completed the waiver and plea forms and filed it at the *58 county courthouse. Anderson admitted on cross-examination that with respect to each prior conviction, he was represented by counsel, he knew he was pleading guilty and would be sentenced, he signed the waiver and plea forms containing the waiver of rights, and he had the opportunity to read the forms before signing them.
Anderson also called as a witness the clerk magistrate of the Hall County Court, who testified regarding procedures used by the court with respect to waiver and plea forms. The clerk magistrate testified that the records clerk who receives a waiver and plea form fills in the order and stamps a judge's signature on the form and that the judge's signature stamp is not used without the direction or authorization of the judge. The waiver and plea form has been used often in Hall County Court for DUI convictions.
The State called as a rebuttal witness the Hall County Court judge whose signature appeared on the waiver and plea forms in both prior convictions. The trial judge testified that the waiver and plea forms were used in accordance with § 6-1455 of the uniform county court rules, which section authorizes the uniform waiver system. Section 6-1455 permits use of a waiver for specific offenses listed in a schedule but also permits the use of a waiver for other violations when authorized by a judge. Use of the waiver system for DUI is determined on a case-by-case basis. While Anderson did not appear before him, the judge met with Anderson's attorney in each case and authorized the use of the waiver in Anderson's cases, and the judge thereafter authorized court personnel to stamp the judge's signature on the plea and waiver forms.
The judge testified that the procedure the judge used in connection with the uniform waiver system was for the judge to meet with the attorney, who then worked with the defendant to complete and file the plea and waiver form. The sentence was determined by the judge and was written in the judge's notes, which were provided to the attorney before the attorney and the defendant filed the form. The judge testified that if the defendant and his or her attorney were somehow dissatisfied with the penalty resulting from this waiver system, they did not need to file the form and instead could come back to the courtroom "and we can have a trial."
Following the enhancement hearing, the district court determined that Anderson's objections to the use of the two prior convictions were without merit and that both prior convictions could be used for enhancement purposes. The court concluded that Anderson was guilty of DUI, third offense. In its journal entry and judgment filed January 22, 2009, the court noted that the record was clear that Anderson was represented by counsel in each prior DUI conviction. The court cited State v. Louthan, 257 Neb. 174, 595 N.W.2d 917 (1999), for the proposition that the only statutory procedure for challenging a prior DUI conviction offered for purposes of enhancement is that set forth in Neb.Rev.Stat. § 60-6,196(3) (Reissue 2004), which limits a challenge to an alleged denial of the Sixth Amendment right to counsel. The district court further noted that Anderson had argued that Louthan was inapplicable. The court indicated that Anderson had claimed that by using the uniform waiver system in waiving his right to appeal from the prior convictions, he had been denied due process in connection with those convictions. Anderson claimed that he could not exercise his due process rights unless he was allowed to collaterally attack the prior convictions in this enhancement proceeding.
The court rejected Anderson's arguments on the basis that Anderson knowingly *59 waived his right to appeal by voluntarily using the plea and waiver forms in the prior convictions. The court concluded that there was "nothing in the public policy of the State which requires any greater protection of [Anderson] in making such bargains as occurred in the present case." The court rejected Anderson's objections to the use of the two prior convictions and found Anderson guilty of DUI, third offense. Thereafter, the court sentenced Anderson to a fine, probation, and jail time.
Anderson appeals.

ASSIGNMENT OF ERROR
Anderson claims that he was denied the right to appeal and that thus he was denied due process in each of the two prior DUI convictions obtained using the uniform waiver system. Therefore, he claims the district court erred when it used the two prior DUI convictions to enhance his present DUI conviction to a third offense.

STANDARD OF REVIEW
When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. State v. Head, 276 Neb. 354, 754 N.W.2d 612 (2008).

ANALYSIS
Anderson claims that he was denied due process in the two prior DUI convictions and that the district court erred by using the two convictions to conclude that he was guilty of DUI, third offense. He specifically argues that he was denied a right to appeal by virtue of his pleading guilty under the uniform waiver system, thus denying him due process, and that therefore the two prior convictions should not have been considered at the enhancement hearing. We conclude that Anderson was not denied due process in the prior convictions and that the district court did not err by considering the prior convictions for enhancement in the present case.
We have stated that collateral attacks on previous DUI convictions are impermissible unless the challenge is grounded upon the court's lack of jurisdiction over the parties or subject matter, State v. Royer, 276 Neb. 173, 753 N.W.2d 333 (2008), or entail a violation of the defendant's due process rights to appeal or rights to counsel in violation of the defendant's Sixth Amendment rights, State v. Louthan, 257 Neb. 174, 595 N.W.2d 917 (1999). Anderson's challenge to the prior convictions is not based on jurisdiction, and thus, we do not consider it on that basis. See Royer, supra.
In Louthan, we held that
the due process requirements of both the state and federal Constitutions are satisfied by the right of direct appeal from a plea-based DUI conviction and the procedure set forth in § 60-6,196(3), which permits a defendant to challenge the validity of a prior DUI conviction offered for purposes of enhancement on the ground that it was obtained in violation of the defendant's Sixth Amendment right to counsel.
257 Neb. at 188, 595 N.W.2d at 926. We note that Anderson makes no argument that his prior convictions were obtained in violation of his right to counsel, and, indeed, the evidence from the prior convictions shows that both convictions were counseled. Thus, a challenge based on lack of counsel is not implicated.
In the present appeal, Anderson claims he was denied a right to appeal from the two prior DUI convictions and was thus denied due process in connection with the two prior convictions. However, because *60 the record shows that he knowingly and voluntarily waived his right to appeal in the prior DUI convictions, he was not denied due process, and we reject Anderson's claim.
With regard to the right of direct appeal, the record shows that upon pleading guilty, Anderson waived the enumerated rights, including his right of appeal in both prior DUI convictions, and he voluntarily chose to avail himself of the convenience of using the uniform waiver system. Under the uniform waiver system, a defendant pleads guilty and waives the enumerated rights in exchange for a stated penalty. It is clear from the record that the defendant can decline the waiver and stated form of sentence and proceed to trial without waiver of rights, thus preserving the right to appeal. In this regard, we note that in his testimony at the enhancement hearing, Anderson admitted with respect to both prior convictions that he signed the waiver and plea forms, that he had counsel, and that he had the opportunity to read the forms before signing them. He did not decline the opportunity to use the uniform waiver system and, to the contrary, availed himself of its advantages.
We have stated, in a case involving a waiver of the right to appeal, that a "defendant may waive a constitutional right or guarantee provided it is done knowingly and voluntarily." State v. Hatten, 187 Neb. 237, 242, 188 N.W.2d 846, 850 (1971). To the extent Anderson argues that he was denied a right to appeal, we reject such argument and agree with the district court's ruling that Anderson received the protections to which he was entitled. The record shows that Anderson validly waived his rights to appeal and that he was not denied due process. A defendant can waive a constitutional right, including the right to appeal, if done knowingly and voluntarily. Hatten, supra. The record is clear that Anderson waived his right to appeal in each prior DUI conviction knowingly and voluntarily, and he was not therefore denied due process in connection with those convictions. The district court properly rejected Anderson's objections to the use of the two prior DUI convictions obtained under the uniform waiver system. The district court did not err in enhancing Anderson's DUI conviction to third offense.

CONCLUSION
We conclude that Anderson's challenge to his two prior DUI convictions was without merit and that therefore the district court did not err in considering such prior convictions when it found that Anderson was guilty of DUI, third offense. We affirm his conviction.
AFFIRMED.