STATE OF NEBRASKA, APPELLEE, V. CLIFFORD C. LUTHER, APPELLANT.

329 N.W.2d 569

Filed February 4, 1983. No. 82-068.

Paine & Huston, for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellee.

Krivosha, C.J., Boslaugh, McCown, White, Hastings, and Caporale, JJ., and Moran, D.J.

Caporale, J.

Defendant-appellant, 71-year-old Clifford C. Luther, was sentenced by the Custer County Court on two counts of third degree sexual assault following nolo contendere pleas. These sentences were subsequently affirmed by the District Court. We reverse.

Among other errors the defendant contends that the District Court erred in finding that the defendant knowingly and voluntarily waived his rights at the time the operative pleas were entered.

The record discloses defendant appeared with counsel at the arraignment before the county court. That court advised the defendant of his constitutional rights. The defendant stated he understood them, and when asked how he would plead he stated: "If I was guilty I'd feel guilty. And I don't feel guilty so I'll plead not guilty." At the scheduled trial, approximately 2 months later, counsel for the parties advised the county court that a plea bargain had been reached. The court was advised by the State that the defendant had agreed to enter nolo contendere pleas to each count in exchange for which the State agreed to request a $700 fine and a year's supervised probation for both counts and to not file other criminal charges. A sketchy factual basis for the charges was recited by the State, and defendant's counsel entered pleas of nolo contendere to each count. The court inquired of defendant's counsel whether the nolo contendere pleas were made willingly and understandingly and whether the defendant understood that he was subject to the same penal provisions as emanate from a guilty plea. Defendant's counsel replied: "That's correct Your Honor." The record fails to reveal any conversations directly between the county judge and the defendant. When the court made inquiry about a

presentence investigation, defendant's counsel advised that the defendant would like to have the matter concluded as quickly as possible to "cut his expenses." A presentence investigation was conducted, which apparently was never shown to defendant or defendant's counsel. At the sentencing hearing the county judge asked defendant's counsel whether he or defendant had anything to say before he pronounced sentence. After a statement by defendant's counsel, the judge sentenced defendant to 30 days in the Custer County jail on each count, the sentences to run concurrently, imposed a $1,000 fine on each count, and imposed supervised probation for a period of 1 year.

In *State v. Turner,* 186 Neb. 424, 183 N.W.2d 763 (1971), we adopted the rule of *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), to the effect that a plea of guilty must not only be intelligently and voluntarily made to be valid but the record must affirmatively disclose that the plea was entered understandingly and voluntarily. Although the pleas entered here were pleas of nolo contendere rather than guilty, the results emanating from those nolo contendere pleas are substantially the same as those which would have emanated from pleas of guilty. In this jurisdiction a plea of nolo contendere is equivalent to, and places a defendant in the same position as, a plea of guilty. *State v. Kluge,* 198 Neb. 115, 251 N.W.2d 737 (1977); *State v. Abramson,* 197 Neb. 135, 247 N.W.2d 59 (1976). In the context of this case no distinction exists between them.

In *State v. Benson,* 199 Neb. 549, 260 N.W.2d 208 (1977), we made reference to the ABA Standards Relating to Pleas of Guilty and nolo contendere, including the need for the record to demonstrate the voluntariness of the plea. See, also, *State v. Fowler,* 201 Neb. 647, 271 N.W.2d 341 (1978), wherein we again referred to *Boykin* as reviewed in *Turner* and stated that before accepting a guilty plea the judge is expected to examine the defendant to determine

whether he understands the nature of the charge, the possible penalty, and the effect of his plea.

Since the record fails to indicate that the county judge examined the defendant in the manner required by *Turner* at the time the nolo contendere pleas were entered on defendant's behalf, it cannot be said the record demonstrates that the pleas were entered knowingly and understandingly by the defendant.

In view of the foregoing determination we need not consider defendant's other assignments of error.

The judgment of the District Court affirming the sentences imposed by the county court must therefore be reversed and the matter remanded for further proceedings.

REVERSED AND REMANDED.