STATE OF NEBRASKA, APPELLEE, V. CASEY J. SLEZAK, APPELLANT.
411 N.W.2d 632

Filed September 4, 1987.   No. 86-815.

Robert I. Blevens of Blevens, Blevens & Jacobs, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Casey J. Slezak, appeals his convictions and sentences for driving while intoxicated, for which the court enhanced the penalty to that for third offense driving while intoxicated, and for attempted possession of a controlled substance. We affirm in part and reverse and remand in part.

On July 16, 1986, pursuant to a plea agreement, the State filed an amended information against defendant on two counts. Count I alleged that the defendant, "[o]n or about the 22nd day of February, 1986 . . . did . . . unlawfully and knowingly or intentionally attempt to possess a controlled substance other than marijuana, to wit: Cocaine . . . ." Count II alleged that the defendant,

> [o]n or about the 22nd day of February, 1986 . . . did then and there unlawfully operate or be in the actual physical control of a motor vehicle while under the influence of alcoholic liquor, or of any drug, or while the said person had ten hundreths [sic] of 1% or more by weight of alcohol in his blood, breath or urine, and further defendant has been previously convicted at least twice of Driving While Intoxicated, to wit: on or about June 12, 1982 in Grand Island, Nebraska and on or about September 24, 1983 in Seward, Nebraska.

Defendant entered a plea of guilty to each count on July 18, 1986. An enhancement hearing on count II was held on July 25. At this hearing the State offered exhibits 1 and 2, evidencing the alleged prior convictions of defendant for driving while intoxicated. Both exhibits were offered and received into evidence. Defendant's attorney stated defendant had no objection as to foundation of the two exhibits.

Exhibit 1 contains a certified copy of a complaint filed by the city of Grand Island against defendant for operating a motor vehicle while under the influence of alcohol and a journal entry from the Hall County Court with the judgment of conviction of defendant on July 9, 1982, for driving while intoxicated.

Exhibit 2 contains a copy of a "Uniform Citation and

Complaint" issued to defendant for speeding and unlawfully operating a motor vehicle while under the influence of alcohol, an arraignment checklist, and a sentencing order in the county court for Seward County for the defendant's conviction on November 7, 1983, for driving while intoxicated.

Defendant then offered facts in mitigation of the prior convictions, challenging only the validity of exhibit 1. Defendant argued that the 1982 conviction was not valid for purposes of the enhancement hearing because the defendant's guilty plea in that proceeding was not knowingly, voluntarily, and intelligently entered. Defendant's counsel asserted, "On the face of this Exhibit, Exhibit 1, it's extremely clear the parties appeared for trial, a hearing in chambers was held," and the attorney representing defendant at that time "withdrew the plea of not guilty and entered a plea of guilty. It says on the face of this, Your Honor, that Mr. Slezak never entered a plea of guilty in this case, it appears his attorney did on his behalf."

The journal entry in exhibit 1 states in pertinent part:

> On June 23, 1982, the above matter came on for hearing. The Defendant was present in Court with his attorney . . . . The Defendant was informed of his rights. A plea of not guilty was entered and the matter was set for trial.
>
> On July 9, 1982, the matter came on for trial. The Defendant was represented by [his attorney]. A hearing in chambers was held. [Defendant's attorney] withdrew the plea of not guilty and entered a plea of guilty. A factual basis was presented by the City for the charge. The Court accepted the plea and entered a finding of guilty.
>
> On September 1, 1982, sentencing was held on the above matter. The Defendant was present in Court accompanied by his attorney . . . .

The defendant testified at the enhancement hearing that he never entered a plea in the proceedings on July 9, 1982.

On July 25, 1986, the court found that "this is the defendant's third offense for driving while intoxicated and that the defendant is guilty of Count II as charged and judgment of conviction is entered."

On September 26, 1986, the court sentenced defendant to 3

months in the Sarpy County jail on each count, with the provision that the sentences be served concurrently; a $250 fine on count II; and revocation of the defendant's operator's license for a period of 15 years on count II. The defendant timely appeals.

Defendant assigns two errors: (1) The district court erred in improperly enhancing defendant's conviction on count II to driving while intoxicated, third offense; and (2) since the conviction was improperly enhanced, the sentence imposed was improper. Defendant does not challenge his conviction and sentence on count I.

Defendant contends that it is the burden of the State to prove the prior convictions on enhancement of a charge of driving while intoxicated. Defendant asserts that the State could not do so because the defendant's guilty plea in the Hall County proceedings was not entered knowingly, intelligently, and voluntarily, thereby making defendant's conviction invalid.

This court has held that the State's burden in proving a valid prior conviction for enhancement purposes is only to show that the defendant had counsel or knowingly and voluntarily waived counsel at the time of such conviction. *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987); *State v. Davis*, 224 Neb. 518, 398 N.W.2d 729 (1987); *State v. Foster*, 224 Neb. 267, 398 N.W.2d 101 (1986); *State v. Hamblin*, 223 Neb. 469, 390 N.W.2d 533 (1986).

Defendant asserts that Neb. Rev. Stat. § 39-669.07 (Reissue 1984) provides that a defendant may "make objections on the record regarding the validity of such prior convictions" and is not limited to "invalid convictions without legal representation." Brief for Appellant at 13. Defendant further asserts that objection to a conviction which shows on its face that the defendant was neither arraigned nor had explained to him the consequences of the waiver of his constitutional rights does not constitute a collateral attack upon that conviction.

We determine that the enhancement of defendant's sentence in this case was improper. The record before us does not show that defendant entered any plea to the 1982 charge. The record does not state that defendant was present when the plea was made and shows only that defendant's attorney entered a plea

of guilty for defendant to the charge. The record is silent as to whether defendant was informed by the trial court as to this plea.

There is not before us any allegation that defendant's attorney was acting on the directions of defendant or that defendant ratified the plea made by his attorney, and we need not consider herein such problems.

We adhere to our earlier rulings as set out above that to prove a prior conviction the State need only show that a defendant had, or waived, counsel. We add only that for a prior conviction based on a plea of guilty to be used for enhancement purposes in an action under § 39-669.07, the record must show that the defendant entered the guilty plea to the charge.

Defendant's conviction on count I is affirmed. Defendant's conviction on count II is reversed and the cause remanded, on that count only, for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.