STATE OF NEBRASKA, APPELLEE, V.
CRAIG A. SCHULTE, APPELLANT.
687 N.W.2d 411

Filed October 5, 2004.    No. A-03-1235.

Scott A. Gray, of Jewell, Collins, DeLay & Gray, for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

INBODY, MOORE, and CASSEL, Judges.

MOORE, Judge.

## INTRODUCTION

Craig A. Schulte appeals from an order of the district court for Cedar County, Nebraska, which affirmed his Cedar County Court conviction for third-offense operating a motor vehicle while under the influence of alcoholic liquor (DUI), resisting arrest, no proof of financial responsibility, and a stop sign violation. On appeal, Schulte raises issues relating to the enhancement of his DUI conviction to third offense. For the reasons set forth herein, we affirm.

## BACKGROUND

Pursuant to an amended complaint filed January 9, 2003, Schulte was charged with the following four counts: (1) third-offense DUI, a Class W misdemeanor, in violation of Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2002); (2) resisting arrest, a Class I misdemeanor, in violation of Neb. Rev. Stat. § 28-904 (Cum. Supp. 2002); (3) no proof of financial responsibility, a Class II misdemeanor, in violation of Neb. Rev. Stat. § 60-321 (Reissue 1998); and (4) failure to stop at a stop sign, a traffic infraction, in violation of Neb. Rev. Stat. § 60-6,148 (Reissue 1998).

On January 15, 2003, as part of a plea agreement, Schulte pled guilty to all four counts of the amended complaint, although he reserved the right to object to the prior DUI convictions proffered by the State at the enhancement stage of the proceedings. After the prosecutor recited the factual basis for Schulte's plea, with which facts Schulte agreed, the court found that there was a sufficient factual basis and that Schulte entered his plea of guilty to each count knowingly, freely, intelligently, and voluntarily. The court then conducted an enhancement hearing.

During the enhancement hearing, the State offered exhibit 1, a certified copy of documents related to Schulte's 1998 conviction for DUI in Cedar County, which exhibit was received by the court without objection. Exhibit 1 shows that Schulte was represented by counsel at the time of the 1998 plea and sentencing. The State also offered exhibit 2, a certified copy of documents related to Schulte's 1996 conviction for DUI in Yankton County, South Dakota. Exhibit 2 shows that although Schulte was represented by an attorney during the South Dakota proceeding,

Schulte did not appear personally to plead guilty to the DUI charge. Rather, the guilty plea was entered by Schulte's attorney, through use of a power of attorney as permitted under South Dakota law. See S.D. Codified Laws § 23A-7-5 (Michie 1998) (allowing attorney to enter plea for defendant charged with misdemeanor, which may be accepted by court after court's inquiry into whether attorney has advised defendant of his or her rights as per S.D. Codified Laws § 23A-7-4 (Michie 1998)).

Exhibit 2 contains a copy of the information charging Schulte, the power of attorney statement from Schulte's attorney, and the judgment of conviction. The power of attorney document shows that Schulte's attorney appeared before the court on Schulte's behalf and upon his authorization to enter a guilty plea to the DUI charge. The power of attorney document also reveals that Schulte's attorney had advised Schulte of and determined that Schulte understood the following: (1) the nature of the charge and the possible penalties; (2) that he had a right to be represented by counsel at every stage of the proceedings and that an attorney would be appointed to represent Schulte if necessary; (3) that he had the right to plead not guilty or to persist in such a plea if it had already been made and that he had the right to assistance of counsel, the right to confront and cross-examine witnesses, the right against self-incrimination, and the right to compulsory process; (4) that he had the right to a speedy public trial; and (5) that if he pled guilty or nolo contendere, there would not be a further trial, and that by entering such pleas, he would waive the right to a trial, the right to confront and cross-examine witnesses, and the right against self-incrimination. The power of attorney document also set forth the factual basis for Schulte's plea. The judgment of conviction document shows that Schulte's attorney appeared at the arraignment, that the court advised Schulte of all constitutional and statutory rights pertaining to the charge (presumably indirectly by way of the power of attorney document, because Schulte himself was not present), and that Schulte, by way of power of attorney, pled guilty to the DUI charge. The South Dakota court determined that Schulte had been "regularly held to answer for [his] offense"; that the plea was voluntary, knowing, and intelligent; that competent counsel represented Schulte; and that a factual basis existed for the plea.

Schulte objected on two bases to the use of exhibit 2 to enhance his present DUI conviction to third offense. First, Schulte objected to the use of exhibit 2 because exhibit 2 does not show that Schulte appeared personally in front of the South Dakota court. Schulte's counsel argued, relying on *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983), that Nebraska law requires the court to have a personal dialog with a defendant who enters a guilty plea to ensure that the plea was entered knowingly and understandingly. Second, Schulte argued that the record contained in exhibit 2 regarding his South Dakota conviction did not make it clear that the South Dakota conviction would have been a violation of Nebraska law, as required by § 60-6,196(3)(c). Schulte has not pursued that argument on appeal. The county court took the matter under advisement and subsequently received exhibit 2 into evidence for enhancement purposes.

Following a sentencing hearing, the county court entered an order on February 27, 2003. The court enhanced Schulte's DUI conviction to third offense. For that conviction, the court ordered Schulte to pay a fine of $600, sentenced Schulte to serve 90 days in the county jail, ordered the loss of Schulte's driver's license for 15 years, and ordered the suspension of all plates and registration on vehicles owned by Schulte for a period of 8 months. For Schulte's resisting arrest conviction, the court sentenced him to 30 days in the county jail, to be served consecutively to the jail time served on the DUI conviction. The court ordered Schulte to pay a $150 fine for his conviction of no proof of financial responsibility and ordered him to pay a $50 fine for his conviction on the stop sign infraction. The court also ordered Schulte to pay costs.

Schulte appealed to the district court for Cedar County from the county court's determination to enhance his DUI conviction to third offense based on the prior South Dakota plea-based conviction. The district court noted that Schulte was represented by counsel at all stages of the South Dakota proceeding, that Schulte elected not to appear personally but appeared through his counsel, and that Schulte's counsel certified to the South Dakota court that all rights were given to Schulte in accordance with South Dakota law. The district court found *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999), to be dispositive of the instant appeal and concluded that based on its reading of *Louthan*, the only

challenge a defendant can make to a prior plea-based conviction offered for purposes of enhancement is the lack of an attorney and no waiver of counsel on the record. The court found that because Schulte was represented in the South Dakota case by counsel at all stages of the proceedings, that conviction could not be collaterally attacked. The district court affirmed the county court's decision to use the South Dakota conviction to enhance Schulte's DUI conviction to third offense. Schulte subsequently perfected his appeal to this court.

## ASSIGNMENT OF ERROR

Schulte asserts that the district court erred in affirming the county court's decision to use his prior South Dakota DUI conviction to enhance his latest DUI conviction to third offense.

## STANDARD OF REVIEW

■ Upon appeal from a county court in a criminal case, a district court acts as an intermediate appellate court, rather than as a trial court, and its review is limited to an examination of the county court record for error or abuse of discretion. Both a district court and a higher appellate court generally review appeals from a county court for error appearing on the record. *State v. Trampe*, 12 Neb. App. 139, 668 N.W.2d 281 (2003).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Misle v. HJA, Inc.*, 267 Neb. 375, 674 N.W.2d 257 (2004).

## ANALYSIS

Schulte asserts that the district court erred in affirming the county court's decision to use his prior South Dakota DUI conviction to enhance his latest DUI conviction to third offense. Schulte argues that the South Dakota conviction is invalid for enhancement purposes because he was not personally present to enter his plea and because there was no direct dialog between the South Dakota court and him to show that he entered his plea knowingly and understandingly. In support of this assertion, Schulte relies on *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983), and *State v. Slezak*, 226 Neb. 404, 411 N.W.2d 632 (1987). Before examining Schulte's assertions regarding these

two cases, which we find to be distinguishable from the present case, we first set forth the requirements for a valid guilty plea.

A guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty, the defendant waives the right to confront witnesses against him or her, the right to a jury trial, and the privilege against self-incrimination, or otherwise affirmatively shows an express waiver of said rights. Thus, to support a finding that a plea of guilty or nolo contendere has been voluntarily and intelligently made, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing, including, in the absence of an express waiver of such rights by the defendant, whether the defendant understands that by pleading guilty, the defendant waives his or her privilege against self-incrimination, right to confront witnesses, and right to a jury trial. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999); *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997).

In *State v. Luther, supra*, the defendant, following nolo contendere pleas, was sentenced on two counts of third degree sexual assault. On appeal, the defendant asserted that the district court had erred in finding that he knowingly and voluntarily waived his rights at the time of the pleas. The record shows that the defendant appeared with his counsel before the county court for arraignment, that the court advised the defendant of his constitutional rights, that the defendant stated he understood his rights, and that the defendant pled not guilty. On the date of the scheduled trial, the court was informed that a plea bargain had been reached in which the defendant would plead nolo contendere to the charges and the State would recommend a fine and probation and would not file other criminal charges. The State recited a "sketchy" factual basis for the charges, and the defendant's counsel entered nolo contendere pleas to each count. *Id.* at 477, 329 N.W.2d at 570. The defendant's counsel indicated, upon

the court's inquiry, that the pleas were made willingly and understandingly and that the defendant understood that he was subject to the same provisions as those that flow from a guilty plea. The record did not show any conversations directly between the judge and the defendant, who was present.

The Nebraska Supreme Court in *Luther* noted that before accepting a guilty plea, the judge is expected to examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea. The *Luther* court concluded that because the record failed to show that the county judge examined the defendant in the required manner at the time the pleas were entered on his behalf, it could not find that the pleas were entered knowingly and understandingly by the defendant. The *Luther* court reversed the district court's affirmance of the county court's sentences and remanded the matter for further proceedings.

In *State v. Slezak*, 226 Neb. 404, 411 N.W.2d 632 (1987), the defendant appealed his convictions and sentences on one count of attempted possession of a controlled substance and one count of DUI, to which counts he entered guilty pleas. The DUI conviction was enhanced to third offense. At the enhancement hearing, the State offered evidence of two alleged prior DUI convictions. The defendant did not object on foundation to these exhibits, but he did challenge the validity of one of the prior convictions. The defendant argued that the 1982 conviction was not valid for enhancement purposes because his guilty plea in that proceeding was not knowingly, voluntarily, and intelligently entered. The exhibit containing the documents relevant to the 1982 conviction showed that the defendant was present with his attorney at a hearing and was informed of his rights, that a not guilty plea was entered, and that the matter was set for trial. When the 1982 matter came on for trial, the defendant was represented by his attorney. An in-chambers hearing was held during which the defendant's attorney withdrew the not guilty plea and entered a guilty plea. The defendant testified at the enhancement hearing in the case at issue in his appeal that he never entered a plea in the 1982 proceedings. However, the trial court accepted the 1982 conviction for enhancement purposes and sentenced the defendant for a third-offense DUI conviction.

On appeal, the Nebraska Supreme Court in *Slezak* determined that the enhancement of the defendant's sentence was improper. The *Slezak* court noted that the record did not show that the defendant entered any plea to the 1982 charge, did not state that he was present when the plea was made, showed that his counsel entered for him a plea of guilty to the charge, and did not show whether the defendant was informed by the trial court as to the plea. The court noted that there were no allegations before it that the defendant's attorney was acting on the defendant's directions or that he ratified the plea made by his attorney, and thus, the court did not consider such questions. The court adhered to its prior rulings that the State's burden in proving a valid prior conviction for enhancement purposes is only to show that the defendant had counsel or knowingly and voluntarily waived counsel at the time of such conviction. *State v. Slezak, supra.* The court added that for a prior conviction based on a plea of guilty to be used for enhancement purposes in a DUI action, the record must show that the defendant entered the guilty plea to the charge. *Id.* The *Slezak* court reversed the defendant's DUI conviction and remanded the cause for further proceedings.

In the present case, we find, as did the district court, that *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999), is applicable. The *Louthan* court set forth a detailed and complex analysis of the evolution of jurisprudence concerning challenges to plea-based convictions and their use in enhancement proceedings, which we do not repeat here. We do note, however, that in *Louthan*, the Nebraska Supreme Court overruled a number of its prior cases to the extent that those cases held that a prior conviction sought to be used for enhancement in a DUI prosecution could be collaterally attacked in a separate proceeding.

The *Louthan* court held that the only statutory procedure for challenging a prior DUI conviction offered for purposes of enhancement is that set forth in § 60-6,196(3). The Nebraska Supreme Court has construed this statutory language as permitting only a "first-tier challenge," or one based upon denial of Sixth Amendment rights. *State v. Louthan*, 257 Neb. at 186, 595 N.W.2d at 925. See *State v. Kuehn*, 258 Neb. 558, 604 N.W.2d 420 (2000) (noting that first-tier challenges are those that can be asserted by general objection in enhancement proceeding and

limited to challenge based upon denial of Sixth Amendment right to counsel). The court went on to state that there is no procedure in Nebraska for asserting second-tier challenges to prior plea-based DUI convictions and that thus, unless such a procedure is constitutionally mandated, it is unauthorized and therefore unavailable under Nebraska criminal procedure. *State v. Louthan, supra.* See *State v. Kuehn, supra* (second-tier challenge based on *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), addresses any or all of panoply of rights). See, also, *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989) (second-tier challenge cannot be made by general objection during enhancement proceeding because such objection constitutes collateral attack on prior conviction). *Oliver* was overruled by *State v. Louthan, supra,* to the extent that *Oliver* suggests that a prior DUI conviction used for enhancement can be collaterally attacked in a separate proceeding as opposed to on direct appeal. The *Louthan* court noted that a person who is convicted on the basis of a guilty plea has a right to appeal on the ground that the plea was not knowing and voluntary. Finally, the *Louthan* court concluded that the due process requirements of both the state and federal Constitutions are satisfied by the right of direct appeal from a plea-based DUI conviction and the procedure set forth in § 60-6,196(3), which permits a defendant to challenge the validity of a prior DUI conviction offered for purposes of enhancement on the ground that it was obtained in violation of the defendant's Sixth Amendment right to counsel.

In the present case, Schulte argues that to allow enhancement based on the South Dakota conviction would be a violation of Nebraska public policy in that the South Dakota procedure allows entry of a guilty plea by a defendant's attorney without the defendant's presence and without direct colloquy between the defendant and the trial judge. Schulte essentially argues that the record of his plea in the South Dakota conviction is insufficient to show that Schulte's plea was entered voluntarily, knowingly, and intelligently, and with an understanding of the consequences of such a plea. It is true that the principles set forth in *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983), and *State v. Slezak*, 226 Neb. 404, 411 N.W.2d 632 (1987), the cases relied on by Schulte, are valid Nebraska law. However, the arguments

raised by Schulte based on these two cases are akin to the second-tier challenges prohibited by *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999), as impermissible collateral attacks. As such, we need not address them further in the present appeal. If Schulte had wanted to raise a second-tier challenge to the South Dakota proceedings, or to challenge the constitutionality of the South Dakota statute allowing a defendant's attorney to enter guilty pleas in misdemeanor cases on a defendant's behalf by means of power of attorney, the time to do so was during the South Dakota proceedings followed by such direct appeal as Schulte then saw fit to bring. Schulte's due process rights were satisfied by the availability of such procedure, and to challenge the validity of the South Dakota conviction during the present enhancement proceeding on grounds other than Sixth Amendment grounds is to make an impermissible collateral attack on the South Dakota conviction.

In sum, the record shows that for purposes of the present enhancement, the requirements for a valid guilty plea in South Dakota were met. The record clearly shows that Schulte was represented by counsel at the time of the South Dakota plea and that his attorney was authorized by Schulte to enter a guilty plea on his behalf. Schulte has no basis to raise a first-tier challenge to the South Dakota conviction, and the time has passed for the second-tier challenge Schulte attempts to raise in the present appeal. We find that the district court did not err in affirming the county court's decision to use the South Dakota conviction to enhance Schulte's present Nebraska DUI conviction to third offense.

## CONCLUSION

The district court did not err in affirming the county court's decision to use the South Dakota conviction to enhance Schulte's present Nebraska DUI conviction to third offense.

AFFIRMED.