STATE OF NEBRASKA, APPELLEE, V.
CLINT R. BROWN, APPELLANT.
710 N.W.2d 337

Filed February 21, 2006.    No. A-05-683.

Thomas C. Riley, Douglas County Public Defender, and William R. Harry for appellant.

Paul D. Kratz, Omaha City Attorney, Martin J. Conboy III, Omaha City Prosecutor, and J. Michael Tesar for appellee.

INBODY, Chief Judge, and CARLSON and CASSEL, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Clint R. Brown appeals the Douglas County District Court's decision that Brown's September 22, 2000, plea-based driving under the influence (DUI) conviction was properly found by the Douglas County Court to be valid for enhancement purposes. Following this determination, the district court affirmed Brown's conviction of second-offense DUI. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On December 9, 2004, pursuant to a plea agreement, Brown pled guilty in the Douglas County Court to a charge of DUI. The State adduced evidence of a prior DUI conviction from September 22, 2000. On the county court's "Journal Entry & Order" form from September 2000, the word "Waived" was handwritten in the space for the entry of the name of defense counsel. Under the heading "arraignment and advisement" on that form, a box was checked next to, and text was stricken by hand from, the following paragraph:

> [Brown] advised of the nature of the above charges, all possible penalties, and each of the following rights: Counsel; Trial; Jury Trial; Confront Accusers; Subpoena Witnesses; Remain Silent; Request Transfer to Juvenile Court; Defendant's Presumption of Innocence; State's Burden of Proof Beyond Reasonable Doubt. (clear and convincing in cases of probation violations)

The next two lines on the form each contained a checked box followed by the words "[Brown] waived each of the above and foregoing rights" and "[p]lea(s) entered knowingly, understandingly, intelligently, voluntarily, and a factual basis for plea(s) found; [Brown] advised of right to appeal conviction and sentence," respectively.

The county court determined that the prior conviction could be used to enhance Brown's current conviction to that of a second-offense DUI. Brown was sentenced to probation for 18 months, a $500 fine, and 5 days in jail, and his driver's license was revoked for 1 year. Brown appealed to the district court, contending that the county court erred in determining that his prior DUI conviction was valid for enhancement purposes. The district court affirmed the county court's findings that Brown's prior conviction could be used for enhancement purposes and that his current offense was, in fact, a second-offense DUI and affirmed Brown's current conviction and sentence. Brown has timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, Brown challenges the district court's affirmance, contending that the county court erred in finding that his September 22, 2000, plea-based DUI conviction was valid for enhancement purposes because it was obtained in violation of Brown's Sixth Amendment right to counsel.

## STANDARD OF REVIEW

■ Upon appeal from a county court in a criminal case, a district court acts as an intermediate appellate court, rather than as a trial court, and its review is limited to an examination of the county court record for error or abuse of discretion. Both a district court and a higher appellate court generally review appeals from a county court for error appearing on the record. *State v. Schulte*, 12 Neb. App. 924, 687 N.W.2d 411 (2004); *State v. Trampe*, 12 Neb. App. 139, 668 N.W.2d 281 (2003).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Misle v. HJA, Inc.*, 267 Neb. 375, 674 N.W.2d 257 (2004); *State v. Schulte, supra.*

## ANALYSIS

Brown contends that his September 22, 2000, plea-based DUI conviction was invalid for enhancement purposes because it was obtained in violation of his Sixth Amendment right to counsel.

■ At an enhancement hearing, a criminal defendant may not challenge the constitutional validity of a prior plea-based conviction offered for enhancement purposes. However, the defendant may challenge the validity of such a conviction based upon the failure of the record to disclose whether the defendant had or waived counsel at the time the plea was entered. See *State v. Crane*, 240 Neb. 32, 480 N.W.2d 401 (1992), *overruled on other grounds, State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999).

■ When using a prior conviction to enhance a sentence, the State need show only that at the time of the prior conviction, the defendant had, or waived, counsel. *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002). A checklist or other such docket entry which shows waiver of counsel made by one authorized to make such entry imports verity and stands as evidence of waiver. *State v. Portsche*, 258 Neb. 926, 606 N.W.2d 794 (2000); *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996).

On the Douglas County Court's "Journal Entry & Order" form from Brown's prior conviction, the word "Waived" was handwritten in the space for the entry of the name of defense counsel. This stands as evidence of Brown's waiver of counsel. However, we continue our analysis because Brown also claims that since the county court crossed out certain sections of the rights advisory set forth on that form (specifically those relating to a defendant's presumption of innocence and the State's burden of proof beyond a reasonable doubt), Brown's waiver of his Sixth Amendment right to counsel in the prior proceeding was not voluntary and "he entered a guilty plea [in the prior proceeding] without being fully advised of his rights and with no attorney present." Brief for appellant at 4. Thus, the question before this court is whether the county court's alleged failure to advise Brown of the presumption of innocence and the State's burden of proof beyond a reasonable doubt rendered Brown's September 2000 waiver of his right to counsel involuntary.

■ In *Iowa v. Tovar*, 541 U.S. 77, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004), the U.S. Supreme Court considered the extent to which a trial judge must elaborate on the right to representation before accepting a guilty plea from an uncounseled defendant. The defendant therein, charged with third-offense operating a motor vehicle under the influence of alcohol, challenged one of

his prior plea-based convictions on the basis that his waiver of counsel was not " 'full[y] knowing, intelligent, and voluntary' " because he " 'was never made aware by the court . . . of the dangers and disadvantages of self-representation.' " *Id.* at 85. The U.S. Supreme Court noted that "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Id.* at 92. The constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea. *Iowa v. Tovar, supra.*

In the instant case, the county court's September 2000 journal entry and order establishes that Brown was informed by the county court as to the nature of the charge against him, of the possible penalties, and of his right to counsel. The fact that other portions of the rights advisory were crossed out did not render Brown's waiver of his Sixth Amendment right to counsel involuntary.

## CONCLUSION

The district court properly affirmed the county court's determination that Brown's September 22, 2000, plea-based DUI conviction was valid for enhancement purposes. Consequently, Brown's conviction and sentence are affirmed.

AFFIRMED.